## BENHAM v. THE STATE OF IOWA.

A demurrer must bring specifically and definitely to the mind of the court, and the opposite party, the precise objection taken.

A demurrer to an indictment, on the ground that the indictment is insufficient in law to compel the defendant to further answer thereto, is entirely too general, and does not meet the plain requirements of section 2953 of the Code.

A demurrer to an indictment, on the ground that there is no criminal offence known to the law charged in said indictment, if designed to raise the question, whether the offence charged is punishable by our law, may be sufficiently specific; but under such a general specification, the demurrant cannot be permitted to point out particular defects in an indictment which charges an offence punishable under the law, although it may be technically defective.

Under section 2953 of the Code, the court is justified in disregarding a demurrer to an indictment, which only alleges as ground of demurrer, that the indictment is insufficient in law to compel the defendant to further answer thereto.

As every battery necessarily includes an assault, so does every intentional disfiguring or maiming, include a battery, as well as an assault.

If an indictment charges an offence under the particular law claimed to have been violated, whatever offence is necessarily included in that charged, may be punished, though there may be no words specifically designating the offence so included.

An indictment charging the offence of maiming or disfiguring, with proper specifications as to the manner, time, venue, the person injured, and other matters known as the formal parts of the indictment, is sufficient, without alleging in words, that the defendant in so disfiguring or maiming, assaulted the person on whom the injury was committed.

Under an indictment for maiming or disfiguring, the defendant may be convicted of an aggravated assault and battery.

*Error to the Linn District Court.*

THIS was an indictment under section 2577 of the Code, charging the defendant with having disabled a member, to wit, the little finger of one Oliver Clark, by biting, with intent to disfigure the person of said Clark. To this, there was a demurrer, which was overruled. Plea of not guilty, trial, and verdict of guilty of an aggravated assault and bat-

tery; motion in arrest of judgment, which was overruled, and defendant fined one hundred dollars.

*I. M. Preston*, for the plaintiff in error.

*W. G. Thompson* (Pros. Atty. of Linn county), and *W. Penn. Clarke* (for the Atty. Gen'l), for the state.

WRIGHT, C. J.—To reverse this judgment, several errors are assigned, which we will notice in the order presented.

It is first claimed, that the court erred in overruling the demurrer to the indictment. The causes assigned in said demurrer are as follows: *First.* There is no criminal offence known to the law, charged in said indictment. *Second.* Said indictment is insufficient in law to compel him to further answer thereto. By the Code, section 2953, it is required, that a demurrer shall distinctly specify the grounds of demurrer to the indictment, or it shall be disregarded. Under this section, the court was entirely justified in disregarding the demurrer, at least, so far as the second ground was concerned. That is entirely too general, and does not meet the plain requirement of the Code. This species of general pleading was designed to be cut off, and the defendant required to bring specifically and definitely to the mind of the court, and the opposite party, the precise objection taken. This was not done by the second specification.

As to the first ground, there may be more doubt as to its sufficiency in this respect. If by this specification, it is designed to raise the question, that the offence charged is not punishable by our law, then it may be sufficiently specific. But we cannot recognize the right of a party, under such general language, to point out particular defects in an indictment which charges an offence punishable under the law, though it may be technically defective. In this case, the offence charged is criminal by our law, and without stopping to inquire here, whether it is technically correct in all its parts, we think the demurrer, on this general specification, was correctly overruled.

Again: it is claimed, that the court erred in giving certain instructions asked by the state, and overruling the defendant's motion in arrest of judgment. We will consider the assignments together, as they both involve virtually the same question. The state insists, that as defendant did not except to the giving of the instructions asked, at the time, he cannot now take the objection that they were improperly given. If, however, the jury had no right under the law, to find the defendant guilty of assault and battery on this indictment, then the objection was well taken in the motion in arrest of judgment, the same point arising in said motion as in the instructions. We, therefore, come at once to consider that motion. The objections taken, are, *first*—that the verdict of the jury is not authorized by said indictment; *second*—that the law does not authorize a conviction for an assault and battery, under the indictment; *third*—that the court erred in giving certain instructions, which were, in substance, that if the jury should acquit the prisoner of the crime of disfiguring as charged, they might find him guilty of an assault and battery.

These objections present but one question. Could the jury, under this indictment, find the prisoner guilty of an assault and battery? And, to our minds, this is of easy disposition. The Code, after providing for special verdicts in criminal cases, and the manner of entering judgments thereon, in section 3039, provides that, "in other cases, the defendant may be found guilty of any offence, the commission of which is necessarily included in that which is charged in the indictment. The only question then is, whether the offence for which the defendant was convicted, is necessarily included in that charged in the indictment. In other words, whether there could be an intentional maiming and disfiguring of a limb, or member of the person of another, without committing an assault and battery. To our minds, the proposition only needs to be stated, to prove itself. As every battery necessarily includes an assault, so does every intentional disfiguring and maiming, under the law, include a battery, as well as an assault.

The case of *McBride* v. *The State*, 2 Eng. 374, was, in many respects, similar to this. McBride was indicted for biting off the ear of one Hubble, with intent to maim him. The jury acquitted the prisoner of the mayhem, but found him guilty of an aggravated assault. The question before the Supreme Court was, whether the court below erred in acquitting the prisoner of the intent to maim, and convicting him of an assault. Says Johnson, C. J., in delivering the opinion: "Every attempt to commit a felony against the person of individuals, involves an assault. Prove an attempt to commit such felony, and prove it to have been done under such circumstances, that had the attempt succeeded, the defendant might have been convicted of the felony, and the party may be convicted of an assault, with intent to commit such felony. If you fail in proving the intent, but prove the assault, the defendant may be convicted of the common assault." See, also, 1 Chitty Cr. L. 638; *Stewart* v. *The State*, 5 Hamm. 241; *State* v. *Kennedy*, 7 Blackf. 233.

The defendant insists, however, that as the indictment does not allege an assault in charging the offence, therefore the verdict of the jury was not warranted; or that, while the major may include the minor offence, yet words must be used in the indictment, showing that such minor offence was committed. If, however, the indictment charges an offence under the section of the law claimed to have been violated, then, we think, whatever offence is necessarily included in that charged, may be punished, though there may be no words specifically designating the offence so included. As already stated, every intentional maiming or disfiguring of a limb or member of a person, does necessarily include an assault and battery. To charge such disfiguring, with proper specifications as to the manner, time, venue, the person injured, and other matters known as the formal parts of the indictment, is sufficient, without alleging, in words, that the defendant, in so disfiguring, assaulted the person on whom the injury was committed, and this has been suffi-

ciently done in this case.   2 Archb. Cr. Pl. 263, 264; *State* v. *Absence*, 4 Porter (Ala.), 397.

Other objections have been urged in the argument here, which, however, go alone to the formal parts of the indict-ment, and do not tend to show that the facts stated do not constitute a public offence, or that the court below would have been justified in arresting the judgment.   Without passing upon them in detail, it is sufficient to say, that neither the demurrer, nor motion in arrest of judgment, point to them with the particularity or precision necessary to bring them properly to the attention of the court below, much less here.

We think, therefore, there is no error in the judgment below, and it must be affirmed.