## DIXON *v.* THE STATE OF IOWA.

Where a party charged with a criminal offence, is under arrest, or has given bail, he is required to make his challenge to the array of the grand jury, before the indictment is found.

Where a defendant in a criminal case, filed two pleas in abatement of the indictment, which alleged that the grand jury which found the bill, was not appointed, drawn, or summoned as required by law, and setting out the alleged defects, which pleas, on motion, were struck from the files of the court; and where it appeared from the record, that the defendant, prior to the finding of the indictment, was under arrest, and had given bail for his appearance at court at the term at which the indictment was found; *Held,* That the pleas were properly stricken from the files.

A person indicted for an assault, with intent to commit murder, may be legally convicted of an assault and battery.

*Error to the Lucas District Court.*

AT the September term, A.D. 1854, of the District Court in Monroe county, the plaintiff in error was indicted for an assault with intent to murder.    On his petition, the venue was changed to Lucas county, where he was convicted of an assault and battery.    The plaintiff assigns for error, certain

rulings of the court below, which will be found sufficiently stated in the opinion of the court.

*J. E. Neal*, for the plaintiff in error.

*Samuel A. Rice*, (Attorney-General), for the state.

WOODWARD, J.[1]—The first assignment of error is, that the court sustained the motion of the state, to strike from the files the defendant's second plea in abatement. This was a plea to the indictment, and was based upon the alleged ground, that the grand jury which found the bill, was not appointed, drawn, or summoned, as is required by law, and was not a legal grand jury, in consequence of certain omissions and neglect of the township and county officers. This objection is a challenge to the array, recognized in chapter 166 of the Code, §§ 2882, 2890. The defendant was under arrest, and had given bail for his appearance at that term; so we infer at least, with as much confidence as is possible in the imperfect and confused state of the papers. In other words, in the language of the Code, (§ 2882,) he was held to answer for a public offence. When the defendant is under arrest, or has given bail, he is to make his challenge to the array, before indictment found. See chapter 166. It is the intent of the statute, that he shall do this at as early a day as is practicable. And when he is already under arrest and present, it is in his power to do it before an indictment is found. *Norris' House* v. *The State*, 3 G. Greene, 513.

This reason covers also the second error assigned, that the court disregarded his first plea in abatement, which was of the same nature and substance. The third assignment of error is, that the court received the verdict and rendered judgment, without the defendant being arraigned and tried, and without a jury being impanneled, charged, and sworn.

[1] WRIGHT, C. J., having been of counsel, took no part in the decision of this cause.

The papers show that the defendant was arraigned; that he filed a written plea of "not guilty;" and that a jury brought in a verdict. We are not aware that it is essential to the validity of a verdict, that the record should give the names of the jurors. But however this may be, when what professes to be a record, comes up in so irregular and confused a condition as this is, and when nothing is shown to the contrary, this court will presume these things to have been done regularly; and this requires no violent presumption, when the record shows a verdict to have been rendered. The fourth assignment of error is, that being indicted for an assault with intent to murder, the jury could not legally render a verdict of guilty of an assault and battery. In the case of *Gordon* v. *The State, Ante,* 410, the defendant was indicted for murder, and was found guilty of manslaughter. This was held to be regular. The present cause comes within the same principle. The same was ruled in *The State* v. *Benham,* 1 Iowa, 542. The judgment of the District Court is affirmed.