## VAUGHN v. THE STATE OF IOWA.

Where an indictment for selling intoxicating liquors, charged that the defendant "did keep, and was concerned, engaged and employed, in owning and keeping intoxicating liquors to sell;" *Held*, 1. That the indictment described but a single offence; 2. That there is no distinction between charging that a defendant "kept intoxicating liquors to sell," and that he kept them "with intent to sell."

*Appeal from the Delaware District Court.*

MONDAY, DECEMBER 14.

The appellant was indicted and convicted of keeping intoxicating liquors to sell, and fined twenty dollars and costs, from which judgment he has appealed to this court. On the trial, the defendant demurred to the indictment, which was overruled. The grounds of the demurrer are stated in the opinion of the court.

*House & Brayton*, for the appellant.

*Samuel A. Rice*, Att'y General, for the state.

STOCKTON, J.—The first specification under the demurrer, against the sufficiency of the indictment, is, that more than one crime is charged in it to have been committed by the defendant. It charges that the defendant "did keep, and was concerned, engaged and employed in owning and keeping intoxicating liquors to sell, &c." This is in the very words of the statute, and there can be no question,

but that it defines, and was intended to describe, a single offence, and not two offences.

The second head of the demurrer is, that the acts stated in the indictment, do not constitute a crime.   It would be a sufficient objection to this branch of the demurrer, that it does not distinctly specify the grounds of demurrer, and might, therefore, be disregarded.   Code, sec. 2953; *Benham* v. *The State*, 1 Iowa, 542.   We reply to it, however, that we are unable to see the distinction, which is urged to exist, between charging that defendant " kept intoxicating liquors to sell," and that he kept them " with intent to sell." The two expressions are the same in meaning.   We can conceive of no case, in which a person could keep liquors to sell, without its being true that he kept them with intent to sell.

Judgment affirmed.