## THE STATE OF IOWA *v.* AXT.

Section 2914 of the Code, which requires that an indictment, when found by the grand jury, and indorsed " a true bill," by the foreman, must be presented to the court by the foreman, in their presence, and marked "filed," by the clerk, is directory merely, and the failure of the clerk to make the indorsement, is not sufficient to invalidate the proceedings.

Where an indictment was properly indorsed by the foreman of the grand jury, and was marked filed by the clerk, but the indorsement of the clerk did not show that it was " presented to the court by the foreman in the presence of the grand jury"; *Held*, That the requisites prescribed by section 2916 of the Code, sufficiently appeared by the indorsement on the indictment.

It is not essential to the validity of an indictment, that it should appear from the indorsement of filing by the clerk, that it was " presented to the court by the foreman in the presence of the grand jury."

Where an indictment charged the defendant with unlawfully selling intoxicating liquors, by the glass or dram, on the first day of September, 1857 ; *Held*, That the district court had jurisdiction of the offense.

### *Appeal from the Lee District Court.*

### WEDNESDAY, OCTOBER 13.

Indictment for selling intoxicating liquors by the glass or dram. The indictment was properly indorsed by the foreman of the grand jury, and was marked filed by the clerk. There was, however, no indorsement to the effect, that it was "presented to the court by the foreman in the presence of the grand jury." The defendant moved the court to quash the indictment, for the reason that it did not appear from the indorsement of the clerk thereon, that the same was " presented to the court by their foreman in the presence of the grand jury." This motion was overruled by the court.

Upon the overruling the motion to quash, the defendant demurred to the indictment, upon two grounds: 1. That the grand jury had no authority to find the same ; 2. That the facts charged do not constitute a public offense—which demurrer was overruled, and the defendant convicted. From this judgment he appeals.

*J. M. Beck*, for the appellant.

An indictment must show, or it must appear from the record, that it was "presented in open court, by the fore-man of the grand jury, and in their presence." The follow-ing cases and authorities are in point: *The State* v. *Glover*, 3 G. Greene, 249 ; *Ramy* v. *The People*, 3 Gilman, 71 ; *Hill* v. *The State*, 9 Yerger, (Tenn.), 198 ; *Chapell* v. *The State*, 8 Yerg., 166 ; Wharton's Am. Crim. Law, 237 ; 1 Chit. Crim. Law, 324. The case of *The State* v. *Glover*, *supra*, is sustained by the following cases, decided by this court, or the doctrine therein announced is recognized by the following cases : *Rockledge* v. *The State*, 1 Iowa, 167 ; *Harriman* v. *The State*, 2 G. Greene, 270. The following cases sustain the principle contended for : *Commonwealth* v. *Cawood*, 2 Virginia Cases, 527 ; *Brown* v. *The State*, 7 Hump., 155 ; Morris, 332 ; 3 Scammon, 85 ; 2 Gilman, 551. It will be observed that the provisions of the Re-vised Statutes, (under which *The State* v. *Glover* was deci-ded), are not materially different from the provisions of the Code. Code, sections 2914–2916 ; sections 1 and 8, 2943, 2 ; Rev. Stat. 1843, 152, section 34.

The omission of the indorsement, or record entry, to which exception is made, could not be corrected or amend-ed. *The State* v. *Glover*, 3 G. Greene, 254 ; *Hill* v. *The State*, 9 Yerg., 204.

*Samuel A. Rice*, Attorney General, for the State.

STOCKTON, J.—We do not think that such an indorse-ment was essential to the validity of the indictment, or that the want of it, was a good reason for quashing it. The Code, (section 2914), requires that " an indictment, when found by the grand jury, and indorsed 'a true bill,' by the foreman, must be presented to the court by the foreman, in their presence, and marked 'filed,' by the clerk." Un-der a provision somewhat similar, in the act of 1839, (Rev.

Stat. ,152, section 34), it was held by this court, in the case of *The State* v. *Glover*, 3 G. Greene, 249, that the omission of the clerk to indorse upon the indictment, that it was presented in open court by the foreman, in the presence of the grand jury, was fatal to the proceeding, and that the indictment should have been quashed.   There is this difference, however, between the act of 1839 and the Code, by which the present cause must be decided, that while the former contains no such provision, it is expressly provided by the latter, under the head of " forms and requisites of indictments," (section 2916), that no indictment shall be quashed, if it can be understood:  " 1. That the same was presented to some court having jurisdiction of the offense charged."   *   *   " 8. That the indictment is indorsed ' a true bill,' by the foreman, and marked ' filed,' by the clerk."

It sufficiently appears by the indorsement made by the clerk, that it was presented to the district court—a court having jurisdiction of the offense charged.   In order that it should so appear, it was not indispensably necessary that the clerk should further indorse, that the indictment was "presented to the court by the foreman, in the presence of the grand jury."   This provision of the statute is directory merely, and the failure of the clerk to make the indorsement, is not sufficient to invalidate the proceeding.   We think the requisites prescribed by section 2916, sufficiently appear by the indorsements on this indictment.   In this view of the subject, it is unnecessary for us to inquire, whether the district court erred in directing the clerk to insert in the indorsement on the indictment, the words wanting to make it conform to the requisites prescribed by section 2914 of the Code.

Under the act of January 22, 1855, section 6, 61, any person selling intoxicating liquors, as charged in the indictment, is deemed guilty of misdemeanor ; and upon a first conviction shall pay a fine of twenty dollars and costs of prosecution, and shall stand committed ten days, unless the same be sooner paid.   Although the constitution pro-

vides, that "all offenses less than felony, and in which the punishment does not exceed a fine of one hundred dollars, or imprisonment for thirty days, shall be tried summarily before a justice of the peace, or other officer authorized by law, on information under oath, without indictment, or the intervention of a grand jury, (Art. 1, section 11); yet it is further provided by the same instrument, that " all offenses, misdemeanors and crimes that may have been committed before the taking effect of this constitution, shall be subject to trial and punishment in the same manner as they would have been had not the constitution been made. Art. 12, section 3. The offense, in this instance, is charged to have been committed on the first day of September, 1857, which was before the taking effect of the present constitution. The district court had, therefore, jurisdiction of the offense, and the demurrer was properly overruled.

The views above expressed, we believe, dispose of all the errors assigned, and the judgment will be affirmed.