THE STATE OF IOWA *v*. JOLLY.

An indorsement on an indictment as follows: "A true bill. Josiah Kent Foreman." "Filed October 21, 1857. E. J. Leach, clk., by D. H. Les-ner, Dept.," is sufficient, under section 2914 of the Code.

It is not essential to name the court to which an indictment is presented, in the indorsement on the back of the indictment.

The omission in an indorsement on an indictment, of the words, "present-ed in open court," and "in presence of the grand jury," is not a cause for quashing the indictment.

While it is desirable that an indorsement on the back of an indictment should express the facts directed by section 2914 of the Code, yet the validity of the indictment will not depend on such indorsement; nor is the indictment to be set aside for the want of it.

*Appeal from the Lee District Court.*

SATURDAY, OCTOBER 16.

At the October term, 1857, of the district court in Lee county, an indictment was found against the defendant, for keeping a gambling house. The indorsements made upon the bill of indictment were: "A true bill. Josiah Kent, foreman," and "Filed October 21, 1857. E. J. Leach, cl'k, by D. H. Lesner, Dept. At the March term, 1858, the defendant's counsel moved that the indictment be set aside, for the reason that the filing of the same was not in accor-dance with the statute, and that it did not show that it was presented to a court having jurisdiction. The Court, on its own motion, directed the indorsement to be amended so as

to read as follows: "Presented in open court, by Josiah Kent, foreman of the grand jury, and in their presence, and filed October 21, 1857," and overruled the motion. The cause proceeded to trial, and the defendant was convicted. He appeals, and presents the above matter as error, under exeptions taken at the time.

*W. H. Runnels*, for the appellant, cited the following authorities : *Wau-kon-chaw-neck-Kaw* v. *The United States*, Morris, 332 ; 2 G. Greene, 270 ; 2 Gilm., 551 ; *The State* v. *Glover*, 3 G. Greene, 249 ; *Dixon* v. *The State*, 4 Ib. 381; *Wrocklege* v. *The State*, 1 Iowa, 197 ; *Rainey* v. *The People*, 3 Gilm., 72 ; *Gardner* v. *The People*, 3 Scam., 85; 8 Humph., 155 ; *Commonwealth* v. *Crawford*, 2 Virg. Cases, 527 ; *Chapel* v. *The State*, 8 Yerg., 166 ; Wheat. Crim. Law, 237.

*James T. Lane*, (for the Atty. General,) cited *Harriman* v. *The State*, 2 G. Greene, 278 ; *The State* v. *Creighton*, 1 Nott & McCord, 227 ; *McKinney* v. *The People*, 2 Gilm. 540 , *Silver* v. *Butterfield*, 2 Carter, 24 ; 5 McLean, 135 ; *State* v. *King*, 5 Ired., 203 ; 2 Binney, 514.

WOODWARD, J.—The cases upon similar questions which have been decided, are referred to by the counsel, and we need not repeat the reference more specially.

If the indorsement upon the indictment were otherwise sufficient, it appears clearly enough that it was presented to a court having jurisdiction of the offense. It is not essential to name the court in the indorsement, although such would be the better, and the truly correct practice. But the whole is to be considered together. The indictment is entitled "The State of Iowa, Lee county, District Court." The body of it recites the "grand jurors for the state of Iowa, * * * for the body of the county of Lee,* * * at a term of the district court for said county, do find," &c. This is indorsed "a true bill," and filed, and this filing is signed E. J. Leach, clerk. The court knows officially

who is its clerk, and other courts assume him to be such, where he so styles himself, and his signature and certificate are authenticated by the seal of the court; and it is through these alone that the indictment can come to the cognizance of any other court.

But the main question is, whether the court could, on its own motion, order the amendment of the indorsement upon the indictment.

The amendment itself, and the arguments of counsel, assume that it was essential that the indorsement should contain the matter added by the order of the court. The statement preceding this opinion shows what the indorsement was before the amendment. In the case of *The State* v. *Axt*, 6 Iowa, 511, we have held that this indorsement, as it was, was sufficient, and that the omission of the matter added by the court, is not a cause for quashing the indictment.

The case of *The State* v. *Glover*, 3 G. Greene, 249, and of the *State* v. *Dixon*, 4 G. Greene, 381, were decided under the former law. This court has held, in the case of Axt, that section 2914 of the Code, is to be regarded as directory, inasmuch as section 2916 forbids the setting aside an indictment for such a cause, as we construe it. In other words, we are of the opinion that the law has been so changed, that an indictment is not to be set aside for the want of such an indorsement. It is desirable that the indorsement should be made expressing the facts directed by section 2914, but its validity will not depend upon this; and the indictment, in the present case, was legally sufficient as it stood.

The judgment of the district court is affirmed.