## The State of Iowa v. Maurer.

A motion to set aside an indictment, like a demurrer, should distinctly specify wherein the indictment is insufficient.

A motion to set aside an indictment, for the reason that " the matters and things therein charged, do not constitute a public offense," is insufficient and may properly be overruled.

The suffering or permitting gaming cannot be evaded, by calling the game by some unusual name, or the thing or property played for by other than its right name ; and it is sufficient to render the keeper liable, if money, property, or thing of value is played for by the parties on the

premises, and that the house is a gambling house, or a place where persons resort to, for the purpose of playing at cards, for money or property.

Where on the trial of an indictment for keeping a gambling house, &c., the defendant asked the court to instruct the jury as follows: That the playing at cards for drinks of spirituous liquors, before, during, or after the game, the loser to pay for such drinks, is not gambling within the meaning and intent of the statute—which instruction the court refused to give; *Held*, That the instruction was properly refused.

An indictment which charges that the defendant, on, &c., at, &c., did keep a house, situate on lot number two, block number ten, in the city of Wapello, where drunkenness, quarrelling, gambling, and breaches of the peace, are carried on by divers persons, whose names are to the grand jurors unknown, and that said defendant, being then and there the occupant of said house, did permit said drunkenness, quarrelling, gambling, and breaches of the peace, to be carried on, contrary, &c., although it does not charge the offense withall the accuracy and distinctness desirable, is sufficient after verdict, on a motion in arrest of judgment.

### *Appeal from the Louisa District Court.*

### THURSDAY, DECEMBER 16.

The indictment, in this case, charges that the defendant, " on, &c., at, &c., did keep a house, situated on lot number two, block number ten, in the city of Wapello, where drunkenness, quarrelling, gambling, and breaches of the peace, are carried on by divers persons, whose names are to the grand jury unknown; and that said defendant, then and there being the occupant of said house, did permit said drunkenness, quarrelling, gambling, and breaches of the peace to be carried on, contrary, &c." The defendant was convicted, and now appeals. The other facts are stated in the opinion of the court.

*Henry O'Connor*, for the appellant.

*S. A. Rice*, (Atty. General), for the State.

STOCKTON, J.—I. A motion of the defendants to set aside the indictment, for the reason that " the matters and things therein charged, do not constitute a public offense,"

was overruled. This method of raising the objection taken by the defendant to the indictment, has been held by this court to be insufficient. *Berham* v. *State*, 1 Iowa, 542. A demurrer to an indictment, (and the same rule holds in respect to a motion to quash), must distinctly specify wherein the indictment is insufficient. It must bring to the mind of the court, and the opposite party, the precise objection taken. Code, section 2953; *The State* v. *Vaughan*, 5 Iowa, 369.

II. The second assignment of error, is to the charge of the court. No exception was taken to the first instruction given by the court. The second was as follows: "That the suffering, or permitting gaming, cannot be evaded by calling the game by some unusual name, or thing, or property played for, by other than its right name; and that it is sufficient, if money, property, or thing of value, was played for by the parties on the premises, and that the house was a gambling house, or a place where persons resorted to for the purpose of playing at cards, for money or property." We think this instruction was proper, and that the court did not err in giving the same to the jury. This was the only instruction to which exception was taken by the defendant, the giving of which is assigned for error.

The defendant asked the court to charge the jury, that "playing at cards for drinks of spirituous liquors, before, during, or after the game, the loser to pay for such drinks, is not gambling within the meaning and intent of the statute." The refusal of the court so to charge, is assigned for error. We think the court rightfully refused so to charge the jury.

III. The jury having returned a verdict of guilty, the defendant moved the court in arrest of judgment, and for a new trial, on this alleged ground, that "the matters and things charged in the indictment, do not constitute a public offense." The motion was overruled. This is one of the causes for which it is provided by the Code, that a motion in arrest of judgment may be granted. Section 3054.

We think the indictment sufficiently charges the defendant with being the keeper of a gambling house, and that he may be indicted and punished for such offense under the Code, section 2761. The offense is not charged with all the accuracy and distinctness desirable in such proceedings; but, on a motion in arrest of judgment, we think it is sufficiently described.

Judgment affirmed.