## THE STATE OF IOWA V. SHEPARD.

1. INDORSEMENT OF AN INDICTMENT. Where an indictment was properly indorsed by the foreman of the grand jury, and by the clerk as follows: "presented in open court, and filed in the presence of the grand jury, this 27th day of May, 1858," *held*, that the indorsement was sufficient, following *The State* v. *Axt*, 6 Iowa 511.

2. CHARGES IN AN INDICTMENT. It is not necessary to state, in the indictment charging the defendant with making an assault with a gun with intent to "kill and murder," that the gun was loaded, nor that it was pointed or discharged at any time, nor the manner in which it was used.

3. ASSAULT. The pointing of a gun which is not loaded, in a threatening manner at another, constitutes an assault, when the party at whom it is pointed does not know that it is not loaded, or has no reason to believe that it is not.

4. VERDICT. A defendant charged by indictment, with an assault with intent to commit murder, may be found guilty of an assault only, following *Dixon* v. *The State*, 3 Iowa 416, and the authorities there cited.

5. PRESENCE OF THE DEFENDANT. The presence of the defendant, when the verdict of the jury is received by the court, is required in some cases—that of defendant's counsel is required in none. When the defendant is convicted of an assault and battery, though charged with a higher offense, his presence when the verdict is returned is not required.

6. DEGREES OF OFFENCES. A defendant charged in an indictment with an assault, with intent to commit murder, may on the trial of the indictment be convicted of an assault of a minor degree.

7. JURISDICTION. Article 1, sections 10 and 11 of the constitution of 1857, provides only for *original* jurisdiction of crimes and misdemeanors, and the defendant may be convicted in the District Court, of an offense of which said court has no original jurisdiction, under an indictment for a higher offense, of which that court has jurisdiction.

*Appeal from Fayette District Court.*

FRIDAY, DECEMBER 9.

INDICTMENT for an assault with a gun with intent to commit murder. The defendant was convicted of an assault, and appeals. The facts are fully presented in the opinion of the court.

*Wm. McClintock* for the appellant, to the point that the District Court had no jurisdiction of the offense of which the

defendant was convicted, cited constitution 1857, article 1, section 11, Laws Seventh General Assembly, p. 55. To the point that an intent to kill will not be presumed, from the probable consequences of an act which does not produce death, 2 Arch. Cr. Pr. and Pl. 270, note 4, 272 note 2, 273; 3 Chit. Cr. L. 826, 828, and 838. To the point that the defendant may be convicted of any degree of the offense charged, but can not be convicted of one that is merely connected with it—that assault and assault with intent to commit murder are distinct offenses, and not different degrees of the same offense; 1 Russ. Cr. 780–2; *Regina* v. *St. George*, 38 Eng. Com. L. R. 285; *Regina* v. *Greenwood et al.*, 61 Ib. 339; Code of 1851, sections 2569, 2570, 2591 and 2597; 2 Leach. 716, 816; 12 Pick. 503; 2 Hale 245. To the point that if the indictment is for felony, the defendant must be present at the rendition of the verdict, Code of 1851, section 3030, 1 Arch. Cr. Pr. and Pl. 173 note 2, 1 Chit. Cr. L. 636, 1 Wend. 91.

*W. T. Barker*, District Attorney, for the State, contended that the jurisdiction was settled by the committing magistrate and the grand jury, and that the petit jury determined only the degree of defendant's guilt—*The State* v. *Arlin*, 7 Frost. N. H. 116; that the defendant could be properly convicted of an assault under an indictment for an assault with intent to kill—*Steward* v. *The State*, 5 Ohio 241; *The State* v. *Kennedy*, 7 Blackf. 233; *The People* v. *White*, 22 Wend. 167; *The People* v. *Jackson*, 3 Hill 92; 1 Bish. Cr. L. section 540 and the authorities there cited; that it is not necessary in an indictment for an assault with intent to commit murder, to aver the instrument or means used by the assailant to accomplish his murderous intent—*The State* v. *Dent*, 3 Gill. & John. 8; *Commonwealth* v. *Rogers*, 5 S. & R. 463, Whart. Am. Cr. L. 317; *The State* v. *Cherry*, 11 Iredell 475.

WOODWARD, J.—The defendant first moved that the in-

dictment be set aside because it was not marked, "filed," by the clerk, and because it was not presented in the presence of the grand jury, nor filed in open court. It was properly indorsed by the foreman, and by the clerk in the following words: "presented in open court and filed in presence of the grand jury, this 27th day of May, A. D. 1858," and signed by the clerk, These objections are answered by the case of *The State* v. *Axt*, 6 Iowa 511, from which it will appear that the indorsement is sufficient, and that the court properly overruled the motion.

A demurrer to the indictment was overruled, and the defendant pleaded and went to trial, but a motion in arrest of judgment brings up the same matter again. The demurrer was upon the ground that the indictment does not state that the gun (which was the weapon used) was loaded, nor the manner of using it, nor that it was pointed or discharged at any one. The language of the charge is, in substance, that the defendant "in and upon one Peter Egan, with a certain dangerous weapon, to wit, with a gun with which he was armed, feloneously, &c., did make an assault with intent, the said Peter Egan then and there, with the gun aforesaid, feloneously, &c., to kill and murder."

Admitting that the indictment is not sufficient as a charge of an assault with intent to kill *by shooting*, why is it not sufficient as a charge of an intent to kill in some other manner, as by striking? Although the instrument is a gun, it does not follow *necessarily* that the manner of executing the intent was by shooting. The grand jury may not have intended this, and the charge is sufficient, at least as one of an intent to inflict death in some other manner. The defendant being found guilty of an assault, moved in arrest of judgment, which motion is based partly on the refusal to give certain instructions. The bill of exceptions certifies that the testimony showed that the prosecutor with his dog, was crossing the inclosed field of the defendant, and the dog caught and bit defendant's sheep, and that defendant came with his gun and attempted to shoot the dog; upon this the

prosecutor stepped between him and the dog, and requested him not to shoot the dog, and he would pay the damage he had done ; whereupon defendant drew his gun in a position to strike and threatened to do so unless he got out of the way; and defendant did shoot the dog.   Previous to this there was no evidence that the gun was pointed at the prosecutor in a position to be discharged.   Whereupon defendant went by way of his house, and in company with his son stopped the prosecutor and a person with him, about sixty rods from where the dog was shot, and wanted to know their names, and who owned the dog, and demanded pay for his sheep. Upon this the prosecution proceeded to give evidence of an assault at the last mentioned place, which was objected to upon the ground that they had already given evidence of one assault, and that they could give evidence of but one. This objection was overruled upon the prosecutor stating that he claimed nothing for the assault proven, but for one at the last named place, by the presentation of a gun in a position for firing.   The testimony then showed some angry words, and motions to strike with the gun, and that the prosecutor started to run away, and while running defendant pointed the gun at him and threatened to shoot or to stop him, and the evidence showed that it was the same gun that was discharged at the dog, and that it could be fired but once without re- loading, and there was no evidence of the gun being re- loaded.

The testimony being closed, the defendant requested the court to instruct the jury ; *First*, that they must find that the gun with which the alleged assault was committed, was loaded and in a condition to be fired off, or the presentation of it was no assault; *Second*, that if they found the gun was not loaded, they would find the defendant not guilty ; *Third*, that if they did not find an intent to kill, they should find the defendant not guilty.

The refusal to give these instructions is the first cause as-

signed for the motion in arrest.    We do not think the court erred.    Mr. Greenleaf (1 vol. sec. 59,) states that the presenting a gun or pistol at a person is an assault.    But he adds, that "whether it be an assault to present a gun or pistol, not loaded, but doing it in a manner to terrify the person aimed at, is a point upon which learned judges have differed in opinion.    It is held to be such in *Regina* v. *St. George*, C. & P. 483; *The State* v. *Smith*, 2 Humph. 457.    And see 3 Smede & M. 553; *The State* v. *Benedict*, 11 Verm. 236.    But on the contrary see *Blake* v. *Barnard*, 9 C. & P. 626; *Regina* v. *Baker*, 1 C. & K. 254; *Regina* v. *James*, 1 C. & K. 530, which last two cases, however, were under a statute.    Whart. Crim. Law, page 545, says that it is not an assault, and cites only the above case of *Regina* v. *James*.

If the question were governed solely by the intent of the defendant, such an act would not be considered as amounting to an assault, and on the other hand, if it were governed by the probable and natural effect on the person aimed at, or by the tendency of the act to induce a breach of the peace, it would properly be regarded as such.    After viewing the question in its various lights, we are inclined to hold with those who regard it as an assault, where the person aimed at does not know but that the gun is loaded, or has no reason to believe that it is not.

The second instruction asked, implies that the indictment necessarily means to charge an intent to kill *by shooting*, and in no other way; but, as intimated above, we regard this as an error.    The charge is made as it would be if the instrument had been a club or a sword, and does not necessarily imply an intent to shoot more than to strike.

The third instruction requesting that the jury should find "not guilty," unless they found the intent to kill, could not be given, because they might still find him guilty of an assault, and which they did.    This is included in the greater offense charged, and is but a degree of it in the sense of the law.    *Dixon* v. *The State*, 3 Iowa 416, and cases there cited.

The second cause for the motion in arrest is, that the court received the verdict and discharged the jury in the absence of defendant's counsel. The law requires the presence of the defendant himself, in some cases, but not that of his counsel; and in the case of a conviction for an assault and battery, the presence of the defendant is not requisite, and this although the charge had been of a higher offense. *Hughes* v. *The State*, 4 Iowa 554.

The fifth and sixth grounds of the motion are, that the court had no jurisdiction of the offense charged, and none of that of which the defendant was convicted. The provisions of sections 2918 and 3039 of the Code, allowing a conviction for any degree of the offense charged, or for any one included in that, are not held to be in conflict with Art. 1, sections 10 and 11 of the constitution, which relate to the jurisdiction of minor offenses; nor with section 2917 requiring that an indictment shall contain the charge of but one offense. The constitution provides for the *original* jurisdiction of crimes and misdemeanors, and a defendant has no ground for complaint if he is convicted of a minor degree under the charge of a higher one, in a court of superior jurisdiction, and with a full common law jury. If under a charge of a higher grade, he is found guilty of an inferior one, it would be vexatious to send him back to an inferior court, and neither the constitution nor the statute require such a construction.

These remarks cover the errors assigned, and there being no error found, the judgment is affirmed.