The State of Iowa v. Groome.

---

## The State of Iowa v. Groome.

1. INDICTMENT. When James T. Thornburg was appointed foreman of the grand jury which returned an indictment indorsed, "a true bill,"

The State of Iowa v. Groome.

and signed by "J. T. Thornburg, foreman," *held* that the indictment was sufficient under section 2910 and 2969 of the Code of 1851.

2. STATUTE OF LIMITATIONS. An indictment, (or prosecution), for seduction, if not found (or commenced,) within one year after the commission of the offense, is barred by the statute of limitations.

3. DEMURRER SHOULD BE SPECIFIC. A demurrer to an indictment in general terms is not sufficient; it must specify wherein the indictment is defective.

4. PRACTICE. The Supreme Court will not consider questions not raised in the court below.

5. STATUTE OF LIMITATIONS MUST BE SPECIALLY PLEADED. The statute of limitations can not be presented as a defense by demurrer, instructions, or motion for a new trial, but must be specially pleaded.

6. SAME: PROSECUTION. The filing of an information, the arrest of the accused, and his recognizance to appear and answer in the District Court, if done within one year after the offense is alleged to have been committed, is a commencement of a prosecution within the meaning of the statute of limitations.

7. IMPROPER QUESTION: NO PREJUDICE. The refusal of the court below to sustain an objection to an improper question, addressed to a witness, is no cause for reversal if the objecting party was not prejudiced by the answer thereto.

8. SEDUCTION. Where the court instructed the jury, that if by the promises or arts of the defendant the prosecutrix was induced to surrender her virtue, it is seduction within the meaning of the law, and that the fact that she knew that the defendant was a married man, and that she permitted him to approach her with promises extraordinary in their character, should be carefully considered in determining her chastity; *held*, that the jury could not be misled by the instructions and that they were not erroneous.

9. RESIDENCE. A person ceases to be a resident of this State, when he removes to another, in which he fixes his domicil with the intention of remaining for an indefinite time.

10. OBJECTION TO INCOMPETENT JUROR. The failure of a defendant in a criminal action to object to a juror on the ground of incompetency is not cured by verdict.

11. EXCEPTIONS WAIVED BY ACCEPTING A JURY. The defendant by accepting a jury waives any exceptions thereto, for bias or prejudice of any kind in the mind of any juror.

12. SAME AS TO COMPETENCY, WHEN. If a defendant accepts a jury with the knowledge that one of the jurors is incompetent, he thereby waives his right to object, but such knowledge must appear before a waiver will be inferred.

*Appeal from Marion District Court.*

## WEDNESDAY, APRIL 4.

THE defendant was indicted for the crime of seduction. A demurrer to the indictment, and also a motion to set aside the same, were filed, and overruled by the court. Plea of not guilty, trial by jury, and verdict of guilty. Motion in arrest of judgment, and for a new trial overruled by the court. Judgment rendered against defendant, from which he appeals. The errors assigned (necessary to be passed upon,) appear in the opinion.

*Seevers, Williams & Seevers* for the appellant.

I. The record shows that James T. Thornburg was appointed foreman of the grand jury. The indictment is indorsed by "J. T. Thornburg." Was it indorsed by the foreman? Code, sections 2891, 2910–2916, and 2943; *The State* v. *Axt*, 6 Iowa 511.

II. The indictment is insufficient:

1. The offense is charged in the exact language of the statute. It is an offense of which a mere statutory description is not sufficient. *Boak* v. *The State of Iowa*, 5 Iowa 430.

2. The indictment was found and presented on the 3d day of December, 1858, and the offense was committed on the 11th day of July, 1857. The offense was barred by the statute of limitations. Code, section 2813.

III. The defendant in a criminal action, may avail himself of the statute of limitations by demurrer. He is not required to plead it specially as a defense. Code, sections 2952, 2959. Whart. Crim. Law (3d ed.,) 162, 240 and authorities there cited; 1 Arch. Crim. Pr. & Pl. (Waterman's edition,) 83, note 1, and authorities there cited.

IV. One of the jurors was a non-resident of this State, and was therefore incompetent. Code, section 1630; Const. Art. 2, section 1, and Art. 1 sections 9 and 10; Story Conf. Laws (3d ed.) section 46.

The State of Iowa v. Groome.

*S. A. Rice,* Attorney General, for the State.

I. The court takes judicial notice of its own officers and of their signatures. 1 Greenl. Ev. section 6; 8 Dowl. N. S. 615; 10 Martin 196. The objection to the indorsement is merely technical. Code, section 2920.

II. The statute describes the offense, and a description in the language of the statute is sufficient. *Romp* v. *The State,* 3 G. Greene 276; *Winfield* v. *The State,* Ib. 339.

III. The appellant is not entitled to a new trial, on the ground of the incompetency of a juror, if he made no inquiry at the time the jury was empanneled. 3 Gates 318; *Hill* v. *Gates,* 3 East. 229.

IV. The defendant has not pleaded the statute of limitations. It is not pointed out by his demurrer, motion to set aside the indictment, or motion for a new trial. It must be referred to specifically. *Benham* v. *The State of Iowa,* 1 Iowa 544; *Clapp* v. *Cedar County,* 5 Iowa 15; 7 Iowa 406; Code, section 2593.

V. The statute of limitations can only be presented by a special plea, to which the State can reply and make an issue. *State of Iowa* v. *Hussey,* 7 Iowa 409; *State* v. *Robinson,* 9 Foster 272; *McLane* v. *The State,* 4 Geo. 335; *U. S.* v. *Watkins,* 3 Cranch. C. C. R. 441; *U. S.* v. *White,* 5 Ib. 73.

BALDWIN, J.—The defendant moved to set aside the indictment for the reason that it was not indorsed, "a true bill," and signed by the foreman of the grand jury.

It appears that James T. Thornburg was appointed foreman of the grand jury, and that the indictment was indorsed, "a true bill," and signed by "J. T. Thornburg, Foreman." When an indictment is found it must be indorsed, " a true bill," and this indorsement must be signed by the foreman of the grand jury. Section 2910 of the Code. No indictment shall be quashed or judgment thereon arrested or deemed invalid if it can be understood that it was indorsed by the foreman, "a true bill," and marked, "filed," by the clerk. Section

2916.   Under these provisions of our statute it is necessary that the indictment should be indorsed, "a true bill," and the name of the foreman should be indorsed thereon ; if not, the same should upon motion be set aside.   Can it be understood from this indictment that it was indorsed, "a true bill," and signed by the foreman of the grand jury?   The record discloses the fact that there was but one juror of the grand jury of the name of Thornburg, whom the clerk designates as "James T. Thornburg," but who signs his name, "J. T. Thornburg," upon the indictment.   The court is presumed to know its own officers as well as the signatures of such officers. The appointment of a foreman is made in open court, in the presence of the grand jurors, and he is qualified separately from the other jurors.   The indictment is indorsed, "a true bill," by him in the presence of the jurors; and presented by the foreman in the presence of the court.   With all these facts before the court, we think it could well understand that the "J. T. Thornburg," who indorsed the indictment, was the same James T. Thornburg who was appointed foreman of the grand jury, and that the court properly overruled the motion to set aside the same.

II.  The appellant claims that the court erred in overruling the demurrer to the indictment.   The causes of demurrer were: 1st.  "The facts stated did not constitute a public offense."  2d.  There were no sufficient allegations of a public offense contained in said indictment."   The indictment was found and presented on the 3d day of December, 1858, and the offense was charged to have been committed upon the 11th day of July 1857.   An indictment, or a prosecution for seducing, or debauching an unmarried female of previously chaste character, must be found or commenced within one year after the commission of the offense.  Section 2812 of the Code.

It is claimed that the offense charged to have been committed by defendants was barred by the statute of limitations, and for this reason the court should have sustained the de-

murrer. The question is presented, by the counsel for the appellant, to this court, not only upon demurrer but upon the instructions of the court to the jury, and upon the motion for a new trial. It does not appear, however, that this point was raised in the court below in any manner. It was not presented by the demurrer. A demurrer to an indictment should not be general, but should specifically state the grounds of demurrer and specify wherein the indictment is insufficient. *Beeham* v. *The State of Iowa*, 1 Iowa 542. *Vaugn* v. *The State of Iowa*, 5 Iowa 369; Code, section 2953.

In the instructions of the court, which are very lengthy, fully reviewing the evidence, the positions assumed by counsel for the defense, and the law that should govern the case, this question is not referred to; neither is it referred to in the motion for a new trial, nor in any instructions asked by defendant. The question we conclude is presented for the first time in the appellate court. It has been fully settled, that this court will not review or pass upon questions not presented in the court below.

We think that the question whether the offense was barred by the statute of limitations could not be properly raised by demurrer, by instructions, or motion for a new trial; that the statute must be specially pleaded so that the state may have an opportunity to reply; *The State of Iowa* v. *Hussey*, 7 Iowa 409.

Again, the amended transcript filed in this cause shows that the prosecution was commenced on the 9th day of April 1858, within one year after the offense was alleged to have been committed. An information was filed before a justice of the peace, the defendant arrested and recognized to appear and answer in the District Court. We think this such a commencement as would bring it within the statute.

III. It is assigned that the court erred in overruling certain objections of defendant to questions propounded to the prosecutrix upon the trial, and also in giving certain instructions to the jury.

The State asked the prosecutrix "the reason she permit-

ted the defendant to have sexual intercourse with her," to which the defendant objected, but the objection was overruled by the court, which is assigned as error. The question was asked for the purpose of showing the influences used by the defendant to entice the prosecutrix from the path of virtue, and although it may be regarded as objectionable in its wording, yet the answer thereto discloses nothing but that which was proper evidence, and the defendant could not have been prejudiced thereby. An improper question is no cause for reversal, unless followed by an improper answer. *Mays* v. *Deaver*, 1 Iowa 216.

It is further urged that the court erred in giving certain instruction to the jury. The defendant maintained before the court and jury that in order to constitute seduction, the false promises, or seductive arts, used to accomplish the seduction must have been reasonable in their character, and likely to have been relied upon by the prosecutrix, and of a character likely to have deceived and imposed upon a woman of ordinary advantages and judgment; and now insists that upon this point the court erred in instructing the jury as follows: " That it matters not by what promises, or arts, the defendant seduced the prosecutrix, if she was led estray by any arts or promises of the defendant, and thereby induced to surrender up her virtue, and do what she otherwise would not have done, it is seduction within the meaning of the law." With the qualification given to this instruction by the court, we can not conclude that the jury could have been misled by this instruction. The court also charged the jury as follows: " Yet the fact that the prosecutrix knew the defendant was a married man, and that she allowed him to approach her with such promises, extraordinary in their character, should be carefully considered by the jury in determining the purity of heart and chastity of the prosecutrix. It will be for you to say whether such conduct is the exponent of virtuous and upright character." It is thus left with the jury to determine whether the promises made, or the flattery used, were of such character as would lead the prosecutrix estray, taking

into consideration her age, experience, judgment and character." We think the jury was properly instructed upon this point.

IV. It is claimed that the court should have sustained the motion of defendant to arrest the judgment, and for a new trial, for the reason that Thomas Jenkins, one of the jurors who tried this cause, was not an elector of the State of Iowa. It appears by the affidavit of Jenkins, that he moved with his family to Kansas, from Marion county in this State, about the 1st of April, 1857; that he returned to Marion county in April, 1858, and remained there until October, when he again returned to Kansas, and remained there until March, 1859, when he again returned to Marion county; arrived there about the 1st day of June, and acted as a juror in this cause in September, 1859; that he took his family, bed, bedding and clothes with him when he went to Kansas, that while there he purchased a claim, and lived on it, and pre-empted it, and voted there. That when he left home for Kansas the last time, he was not settled in his own mind whether or not he would return to Marion county.

All electors of the State of Iowa are competent jurors. Section 1630 of the Code. Every white male citizen of the age of twenty-one years, and a resident of the State six months next preceding the election, is an elector. Article 2, section 1, Constitution. The trial by jury shall be invio-olate, the accused shall have a right to a speedy and public trial by an impartial jury. Article 1, sections 9 and 10, Constitution. Was Jenkins an elector of the State at the time he acted as a juror in this cause? When he left for Kansas he was uncertain in his own mind whether he would return or not; he took his family with him, purchased a claim there, resided upon it, pre-empted it, voted there, and we conclude acquired a residence there. If a person has actually removed to another place with an intention of remaining there for an indefinite time, and making it a place of fixed residence or present domicil, it is to be regarded as his domicil, notwithstanding he may entertain a floating intention

to return at some future time. The place where a married man's family resides is generally to be considered his domicil. Story's Conf. Laws, section 46. We conclude that Jenkins was not a competent juror; he was not an elector at the time of the trial.

It is claimed by the State that the defendant can not take advantage of this objection to the juror by a motion for new trial, that he passed his time by not challenging the juror before the trial, for cause. We think it is the duty of the State to place twelve legal jurors in the box, and that it is not the duty of defendant to inquire whether the jurors are qualified or not. It is presumed that the officer whose duty it is to select the jurors will select those who are competent and legal.

The law tenders to defendant a jury for the trial of his cause, and by accepting the jury he waives any objection thereto for bias or prejudice of any character whatever, in the mind of any of the jurors; but if either of the jurors was disqualified to act as such, the defendant does not waive his right to objection for this cause, but has a right to a new trial. If the defendant knew at the time the jury was sworn that any of them were not qualified to act as jurors, he would have waived his right to object thereafter. It must appear that defendant had knowledge of this fact before it can be inferred that he waived his objection. Without this knowledge a waiver can not be inferred. *Cowles* v. *Buckman & Son*, 6 Iowa 162.

It appearing that defendant was tried by a jury, not composed of electors of the State, and not possessing the constitutional qualification as such, we think a new trial should have been granted.

Judgment reversed and new trial awarded.