## CROY v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Malicious Trespass.*—An indictment for malicious trespass in giving a quantity of arsenic to a number of horses and thereby causing their death, alleged, that the defendant, on, &c., at, &c., administered, &c., "to six horses of the personal property of" J. M.

*Held,* that this was a sufficiently certain allegation of the ownership of the property.

SAME.— *Venue.*—*Evidence.*—On the trial of a criminal action, it is not necessary that the venue be directly proved, if the right venue is clearly inferrible from the entire evidence.

SAME.—*Juror.*— *Challenge.*— *Waiver.*—Where, in a criminal action, the jurors being all sworn to answer questions touching their competency as such, the defendant, having full opportunity to examine them touching their competency generally, confined his examination to the question as to whether they had formed or expressed an opinion as to his guilt or innocence, and thereupon accepted the jury;

*Held,* that the fact that one of said jurors, though resident in the county, was not a householder thereof, first ascertained by the defendant after verdict of guilty, did not entitle him to a new trial.

SAME.—*Judgment.*—*Appraisement Laws.*—A direction in a judgment in a criminal action, that the fine and costs adjudged against the defendant be collected without appraisement, is erroneous.

APPEAL from the Fountain Circuit Court.

ELLIOTT, J.—The appellant was convicted on an indictment for malicious trespass in giving a quantity of arsenic to six head of horses, the personal property of Joshua Morgan, and thereby causing their death.

The indictment is objected to on the ground that it does not allege with sufficient certainty the ownership of the property.

It alleges, that the appellant, on, &c., at, &c., administered, &c., " a certain deadly poison, commonly called arsenic, to six horses of the personal property of Joshua Morgan."

This is certainly a direct averment that the horses belonged to Joshua Morgan.

A motion for a new trial was overruled. The ruling was excepted to, and is assigned for error. One of the causes urged for a new trial is, " that the verdict is not supported by sufficient evidence."

The evidence seems clearly sufficient to justify the jury in finding that the horses died from the effect of arsenic administered by some one. There is no direct evidence that the appellant did it. His conviction rests upon circumstantial evidence alone.

The material circumstances which tend to establish his guilt, as shown by the evidence, are as follows: He was boarding at Morgan's at the time the horses were poisoned; he fed them, worked some of them, and had every opportunity to commit the act. He had previously traded to Morgan one hundred and twenty acres of land in Benton county for a mill and forty acres of land in Fountain county, and had contracted for renting the mill to another person, who afterwards refused to take it, and the appellant then requested Morgan to cancel the contract and take the mill back, which Morgan refused to do. A very short time before the horses were poisoned, the appellant purchased half a pound of arsenic at a drug store, saying that he wanted it to kill rats, and stated that he had purchased some before, but that it did not have the desired effect. He returned to Morgan's at a late hour the same night, and remained there until after the horses were poisoned and some of them had died. On the trial, he did not claim or pretend that the arsenic was needed or used to kill rats at Morgan's or elsewhere; nor did he, in any manner, account for its purchase or use. Soon after the horses were poisoned, the appellant left Morgan's and boarded at one Nelson's in the same neighborhood. After the horses died, he came to see Morgan and again requested him to cancel their contract and take back the mill, and urged as a reason that as his (Morgan's) horses were dead he could not tend his farm, and had better take charge of the mill. Morgan then charged the appellant with having poisoned his horses, to which he replied that he never harmed a goose. There is nothing in the evidence raising the slightest suspicion of guilt against any other person. The facts show that the

appellant had every opportunity for the commission of the act, a motive for its commission, and a preparation therefor consistent with the act itself. In the absence of a single fact or circumstance tending to implicate any other person, the facts stated point too strongly and directly to the appellant as the .guilty party, to justify this court in saying that the verdict is not sustained by the evidence.

It is also claimed that the evidence fails to show that the offense was committed in Fountain county, in this State. It is true that no witness directly so testified, but we think that the venue of the offense clearly appears from the evidence. The cause was tried in Fountain county, in this State, and it appears by the evidence that Morgan lived on a farm in the same county, and the appellant boarded with him. Morgan's horses were kept in his stable in the barn yard, and it is very clearly inferrible from the evidence that the stable and barn yard were on the same farm and near Morgan's dwelling house. These facts establish the venue.

Another cause for a new trial was, that one of the jurors who tried the cause, though a resident of the county, was not a householder. This cause for a new trial was supported by the affidavit of the juror, that he was not a householder, but did not then know that he was thereby disqualified from serving on the jury; and also by the affidavits of the appellant and his counsel, stating that they did not know that the juror was not a householder until after the return of the verdict.

It appears by a bill of exceptions that, in empanelling the jury, the jurors were all sworn to answer questions touching their competency as jurors, and the defendant had full opportunity to examine them touching their competency generally, but confined his examination to the question as to whether they had formed or expressed an opinion as to his guilt or innocence, and thereupon accepted the jury.

The statute requires that petit jurors in the circuit court shall be householders of the county. 2 G. & H. 30. Here

the juror, not being a householder, was clearly incompetent, and might have been challenged for that cause. He was not so challenged, nor was any inquiry made as to his qualifications in that respect, on his examination touching his competency as a juror in the case. The appellant did not know until after the return of the verdict that he was not a householder, though he might readily have ascertained the fact, by a proper question, on the examination, before the jury was sworn.

Under these circumstances, was the incompetency of the juror a valid cause for a new trial? We do not find that this precise question has ever been determined by this court.

In *Barlow* v. *The State*, 2 Blackf. 114, two of the petit jurors were on the grand jury that found the indictment, which fact was known to the defendant, but was not recollected when the jury was impanelled. The jurors were not challenged, and it was held too late to make the objection on a motion for a new trial.

In *Rice* v. *The State*, 16 Ind. 298, it was ascertained after verdict, that one of the jurors who tried the case was on the grand jury that found the indictment. When the jury was being impanelled, the juror, on examination touching his competency, responded that he had not formed or expressed any opinion as to the guilt or innocence of the accused. It was held that the defendant was not guilty of any negligence in not pursuing the examination further by asking the juror whether he was on the grand jury that found the indictment, and a new trial was awarded.

In *Alexander* v. *Dunn*, 5 Ind. 122, and in *Romaine* v. *The State*, 7 Ind. 63, it was held, that if a prejudiced juror is accepted and permitted to be sworn without being interrogated as to his competency, the objection is waived. In the latter case it was further held, that if a juror, on being examined, declare that he has not formed or expressed an opinion as to the guilt or innocence of the defendant, the verdict should be set aside and a new trial granted, upon a proper showing to the contrary.

In the case of *The Lafayette Plank Road Co.* v. *The New Albany & Salem R. R. Co.*, 13 Ind. 90, two causes were presented in the court below for a new trial: first, that one of the jurors was not a householder; second, that one of the jurors did not understand the English language. A new trial was granted for the second cause. As to the first cause, the defendant was not aware of the fact that the juror was not a householder until after the return of the verdict. He did not interrogate the juror as to his competency. Thus the precise question under discussion here was presented in that case. In reviewing the ruling of the lower court, it was said, that the fact that the juror was not a householder was a good cause for challenge; that if the defendant had known, at the trial, that the juror was incompetent, the failure to raise the objection would have been a waiver of it, but "whether the neglect to make inquiry as to the fact, before accepting the jury should be held a waiver, we need not here decide, as we are clear that the new trial was properly granted for the second cause."

By the 84th section of the act regulating the practice in criminal cases, 2 G. & H. 408, either party may examine the jurors on oath as to whether they have formed or expressed an opinion of the guilt or innocence of the defendant, and upon such examination and other questions put by leave, the court may determine upon the competency of the jurors. Under this statute the proper rule seems to be, that if the defendant fails to make such examination and accepts the jury, he waives any objection that may subsequently be discovered to the competency of a juror, because of his prejudice or of his having previously formed or expressed an opinion as to the defendant's guilt; but if the juror is properly examined and fails to disclose the fact, and it afterwards comes to the knowledge of the defendant, he may avail himself of the objection on a motion for a new trial. *Rice* v. *The State*, *supra*.

As to what objections may be urged to the competency of a juror, for the first time, on a motion for a new trial, is

a question upon which the adjudications are not uniform. But it may be safely stated as a general rule, that when the objection is known to the party before the juror is sworn, and he fails to make it known or to challenge the juror for that cause, he waives it, and cannot afterwards avail himself of it as a ground for a new trial.

And it may be further stated as a proposition which is sustained by both reason and authority, that where the objection to the competency of the juror is a cause of challenge, and might be ascertained before he is sworn, by proper inquiry, and is not of such a character as to show that the party might, in fact, be injured by his sitting in the case, it must be made before the juror is accepted and sworn; and if not so made, it is waived.

Thus it was held in *King* v. *Sutton*, 8 Barn. & Cres. 417, and in *The State* v. *Quarrel*, 2 Bay, 150, that alienage is a good ground of challenge to a juror, and if the party has an opportunity of making the challenge and neglects it, he cannot make it afterwards.

In *Gilbert* v. *Rider*, in the Superior Court of Connecticut, a motion was made in arrest of judgment, because one of the jurors had not taken an oath of fidelity to the State. It was held, that as the juror was not challenged, though the fact might have been known by inquiring of him, or otherwise, the exception, being then waived, came too late after verdict. The court further said, "The exception does not go to the partiality of the juror, nor affect the obligation he was under to find a verdict according to truth, and it is not stronger than the want of a freehold, which, though a ground of challenge, hath been repeatedly adjudged insufficient after verdict."

And so it has been held, where it was a ground of challenge that the juror was interested in a similar question, that if the party neglects to take the objection before trial, and put the juror on the *voir dire,* the exception comes too late after trial. *Jeffries* v. *Randall*, 14 Mass. 205.

In *Mima Queen* v. *Hepburn*, 7 Cranch, 290, one of the

jurors was not a resident of the county. No objection was made to his competency. It was held that the objection came too late after the juror was sworn.

The question in the case under consideration comes clearly within the principle stated and the cases referred to, and we think the motion for a new trial on that ground was properly overruled.

The judgment was rendered for the fine and costs to be collected "without relief from valuation or appraisement laws." This was probably a clerical error, which was overlooked by the court, but as the judgment was excepted to, the question is properly raised.

So much of the judgment as directs the fine and costs to be collected without appraisement is reversed. In all other respects the judgment is affirmed, with costs.

*M. M. Milford* and *J. McCabe*, for appellant.

*D. E. Williamson*, Attorney General, and *J. Buchanan*, for the State.

