ESTEP ET AL. *v.* WATEROUS ET AL.

JUROR.—*Accepting Without Interrogating.*—If a party accepts a juror without interrogating him in reference to whether he is a householder or freeholder of the county, he thereby waives the right to object to the competency of the juror on such grounds.

From the Hendricks Common Pleas.

*M. M. Ray, H. C. Ray, W. S. Ray, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellants.

*J. S. Ogden* and *J. V. Hadley,* for appellees.

Estep *et al. v.* Waterous *et al.*

BUSKIRK, J.—This was an action by the appellants against the appellees to recover damages for an alleged failure of the appellees to receive and pay for, according to contract, certain hogs purchased of the appellants by the appellees.

There was issue, trial by jury, and finding for the appellees. New trial refused, and judgment.

A reversal of the judgment is sought upon the ground that one of the jurors was neither a householder nor a freeholder of Hendricks county. It appears that the juror in question was examined as to his bias, interest, prejudice, relationship, and whether he had formed or expressed an opinion as to the merits of the cause, but not as to whether he was a householder or freeholder of the county. It is conceded by counsel that the juror was a married man and a resident of the county. Counsel for appellants contend that the affidavits filed in support of this reason for a new trial abundantly show that he was not a householder. On the other hand, counsel for appellees insist that it was shown that he was a householder, within the meaning of the statute. We do not deem it necessary to decide such controverted question. Conceding that the juror in question was not a competent juror, the judgment must be affirmed. The precise question involved here was involved and decided adversely to the appellants in *Croy* v. *The State,* 32 Ind. 384. In that case, the juror was confessedly incompetent. The defendant accepted him without interrogating him in reference to whether he was a householder or freeholder of the county.. ELLIOTT, J., speaking for the court, after a very thorough and able review of the English and American authorities on the point, held that the defendant, by accepting the juror without inquiry, waived the objection that the juror was not a householder or freeholder of the county.

The above ruling is supported not only by the adjudged cases, but by reason, and we feel bound to follow it in the present case.

The judgment is affirmed, with costs.