### KINGEN v. THE STATE.

JUROR.—*Competency.*—*Waiver.*—On the trial of a criminal cause, the defendant, as well as the State, by failing to interrogate the jury as to their being householders or freeholders, or to take other steps to ascertain their competency in that respect before accepting them and before they are sworn to try the cause, waive objection on the ground of the want of such qualifications, . and the defendant as well as the State will be bound by the verdict of such jury, though one or more of them may not be householders or freeholders.

SAME.—*Criminal Law.*—*Jeopardy.*—By the swearing of such jury to try the cause after such waiver, the defendant was put in jeopardy, and was entitled to have a verdict at their hands; and the discharge of one of such jurors by the court on finding that he was not a freeholder or householder, without the consent of the defendant, would have been equivalent to the acquittal of the defendant, and such defendant could not again have been put on trial for the same offence. But the defendant being in court in person and by counsel, at the time such juror was discharged, and neither excepting nor objecting, such discharge must be held to have been with the consent of the defendant, and subsequently putting the defendant on trial was not error.

From the Hancock Circuit Court.

*H. J. Dunbar, J. A. New,* and *D. S. Gooding,* for appellant.
*J. C. Denny,* Attorney General, for the State.

WORDEN, C. J.—The appellant was indicted, together with her husband Harrison Kingen, for the murder of Samuel Derry by stabbing him with knives. The accused parties were tried separately. The appellant, on trial by a jury, was convicted of manslaughter, and sentenced to imprisonment in the county jail for the term of two years.

It is shown by a bill of exceptions that a jury had been selected and agreed upon by the parties, and had been sworn to try the cause, and had been permitted to retire under the charge of a sworn bailiff, no evidence having been introduced, and the case not having been stated to them. On the meeting of the court in the afternoon, it was discovered for the first time that one of the jurors was not a householder or a freeholder of the county. The jurors, before they were sworn, had been interrogated as to having formed or expressed any opinion as to the guilt or innocence of the

accused, but not as to their qualification in any other respect. The defendant, as the bill of exceptions shows, "refused to waive any objection to the juror," and the court thereupon directed the juror to retire from the box in consequence of his incompetency, and directed the sheriff to supply his place with another person, which was done, and the new juror was interrogated as to his qualifications, and the jury as newly constituted was duly sworn. On the discharge of the incompetent juror, the defendant moved to be discharged from the prosecution, on the ground that she had been in jeopardy, and that the discharge of the juror was equivalent to an acquittal. The motion was overruled, and exception taken. On the filling up of the panel of jurors, the defendant again moved to be discharged and objected to being again put upon trial for the same reason, but the court ordered the trial to proceed. Exception.

In *Croy* v. *The State*, 32 Ind. 384, it was held, upon a full consideration of the question, that where a defendant failed to interrogate the jurors at the proper time in respect to their being householders of the county, it was too late to make any question afterward in that respect; and that a new trial could not be granted on the ground that one of the jurors was not a householder. We concur in the conclusion thus arrived at.

The defendant, as well as the State, by failing to interrogate the jury which was first sworn, as to their being householders, or taking other steps to ascertain their competency in that respect, waived any objection on that ground. The defendant, as well as the State, would have been bound by the verdict of that jury as much as if each juror had been in all respects competent. The defendant had already waived all objection to the juror on the ground mentioned, and her refusal to waive the objection after the incompetency of the juror was discovered cannot change the legal aspect of the case. We do not understand the record as showing that the defendant made any objection to the juror, but simply that she refused to waive any objection. We have seen that a

verdict rendered by the jury first sworn would have been valid and binding. The defendant, doubtless, by the swearing of that jury was put in jeopardy, and she was entitled to have a verdict at their hands. If the court discharged them without sufficient legal reason and without the consent of the defendant, the conclusion seems to be irresistible that such discharge was equivalent to an acquittal of the defendant, and she could not rightfully be put upon trial again for the same offence. The cause for which the juror was discharged was not a sufficient legal cause. The parties had waived all objection to his competency in respect to his not being a householder, and that made him as competent as if he had been such. But the question arises, was he discharged without the consent of the accused? The bill of exceptions does not show that she either consented or objected. She was present in court in person and by counsel, and suffered the juror to be discharged without exception or objection. Under the numerous decisions of this court, both in civil and criminal cases, based upon the statutes regulating the practice, we think it well established that whatever is done by the court without objection of the parties, they having an opportunity to object, must be deemed to have been done with their consent. The defendant clearly waived any objection to the discharge of the juror by failing to object or except thereto, and by her silence in this respect she must be deemed to have consented. 1 Bish. Crim. Law, 5 ed., sec. 1045. The juror being thus discharged with her consent, the subsequent proceedings in putting her upon trial were not erroneous.

There was a motion for a new trial, because, among other things, of improper charges given. For a statement of the general facts in the case, see the case of *Kingen* v. *The State*, 45 Ind. 518. The court gave in this case the same charge as was given in that, and for the reasons therein stated the judgment must be reversed.

The judgment is reversed, and the cause remanded, for a new trial.