## GILLOOLEY v. THE STATE.

CRIMINAL LAW.—*Juror.*—*Qualifications of.*—*Failure to Examine.*—*Waiver.*—*Freeholder and Householder.*—Where, in a criminal cause, the defendant accepts a juror without questioning him as to his qualifications, he can not afterward object that the juror was neither a freeholder nor householder.

SAME.—*Opinion of Juror.*—*Challenge.*—The fact that a juror, immediately after the commission of a crime, expresses an opinion, founded upon mere rumor, as to the defendant's guilt, is not ground for challenge.

SAME.—*Evidence.*—*Witness.*—*Clergyman.*—A clergyman is a competent witness against a defendant charged with a crime, as to any confession thereof by the latter, not made in the course of discipline enjoined by the church.

SAME.—*Murder.*—*Threats.*—*Practice.*—Where a defendant on trial for murder offers to prove threats made against him by the deceased, afterward coming to his knowledge, and that the latter had challenged him to fight, and had otherwise illtreated him, he must fix the time at which the alleged misconduct occurred.

SAME.—*Improper Comments by Counsel.*—*New Trial.*—Improper comments made by the prosecuting attorney to the jury, in his argument in such cause, must, to be available as ground for a new trial, be excepted to.

SAME.—*Instruction to Jury.*—*Intoxication.*—The court instructed the jury in such cause, that intoxication of the defendant, not amounting to a disease depriving his mind of the power of forming an intent, was no excuse for a crime, but might embolden him in its commission. *Held,* that the defendant can not complain of such instruction.

From the Howard Circuit Court.

*J. O'Brien* and *M. Garrigus*, for appellant.

*C. A. Buskirk*, Attorney General, and *J. F. Vaile*, Prosecuting Attorney, for the State.

PERKINS, J.—Indictment for murder in the first degree. Motion to quash overruled. Plea, not guilty. Trial,

conviction, and an award of the death penalty. A motion for a new trial was overruled, and exception reserved.

In the assignment of errors, it is alleged that the court below erred:

1st. In refusing to quash the first count in the indictment;

2d. In refusing to quash the second count;

3d. In overruling the motion for a new trial; and,

4th. In rendering judgment on the verdict against the defendant.

Counsel for appellant decline to argue the first and second assignments of errors, and they do not argue the fourth. Their discussion of the case is addressed alone to the refusal of the court to grant a new trial.

One of the grounds alleged in the motion for a new trial was, that a non-qualified juror was a member of the panel by which the defendant was tried. The juror was neither a freeholder nor a householder, and it was doubtful if he had not expressed the opinion that the appellant ought to be hung. The juror was accepted without being questioned as to his qualifications. The objection that he was not a freeholder or householder was thereby waived. *Kingen* v. *The State*, 46 Ind. 132. The act of March 8th, 1873, 2 R. S. 1876, p. 31, does not change the law on this point.

The opinion of the juror, if he had expressed one, was directly after the homicide was perpetrated, and founded, not upon a knowledge of the facts, but upon rumor. The case, on this point, falls directly within *Scranton* v. *Stewart*, 52 Ind. 68, and cases cited. See, also, *Hart* v. *The State*, 57 Ind. 102.

The next reason urged for a new trial was the permitting of Francis Lordeman, a Catholic priest, to testify in the cause. We have a statute, that " clergymen, concerning any confession made to them in course of discipline enjoined by the church, shall not in any case be compe-

tent witnesses, unless with the consent of party making such confidential communication." 2 R. S. 1876, p. 134.

In this case, the testimony of Father Lordeman was not concerning any confessions made to him in course of discipline enjoined by the church. Counsel do not press this point in their brief.

The next cause assigned for a new trial was the refusal of the court to permit the defendant to prove, on the trial, "that the deceased, Thomas Lannon, had made threats against the defendant, and used insulting and abusive language toward him, and treated him disrespectfully, and had challenged him to a fight, which defendant refused to accept, and had made threats of personal violence, which had been communicated to defendant."

It was a sufficient reason for refusing to admit the offered testimony, that no time was stated when the offensive conduct occurred. See Bicknell Crim. Prac. 273, *et seq.*

The next ground for the new trial moved for was the permitting of the prosecuting attorney to refer, in his closing argument, to some topics claimed to be irrelevant. But, as no exception was taken to this action of the court, we can not notice it.

The only remaining cause, in the motion for a new trial, was the following instruction to the jury:

"Drunkenness or intoxication does not excuse or mitigate crime. The mind may be stimulated by intoxicating liquor, and the person intoxicated made bolder and more reckless of consequences by such intoxication, yet this would not excuse the commission of a crime. This is the correct rule upon that question. If the mind of the defendant, at the time of the killing, (if the proof shows a killing to have occurred,) was so diseased and disordered by the use of intoxicating drink or otherwise, that there was an absence or want of intent to commit a crime in the act of killing, then the law would excuse. Intent is the gist of crime."

We can not say this instruction was erroneous. If the party desired further instructions, he should have asked for them.

The judgment is affirmed, with costs.