70  341
159  397

## PATTERSON v. THE STATE.

JUROR.—*Voter.*—*Challenge.*—*Waiver.*—The fact that a juror is not a voter of the county must be made to appear before he is sworn to sit as a juror, or the objection will be waived.

Patterson v. The State.

CRIMINAL LAW.—*Murder.*—*Involuntary Manslaughter.*—*Reasonable Doubt.*
—*Harmless Instruction.*—On the trial of a defendant · indicted, in respec-
tive counts, for murder in the first degree and involuntary manslaughter,
wherein there was a verdict of guilty on the latter count only, the de-
fendant could not complain of an instruction to the jury, that, if they had
a reasonable doubt as to whether the defendant was guilty of murder in
the first or second degree, or only of manslaughter, they "should give the
defendant the benefit of such doubt, and convict," if at all, "of the lowest
degree included in such doubt."   ·

SAME.—*Assumption of Fact.*—An instruction in such cause was, that it was
"important" to "determine whether the alleged assault, or assault and
battery, made upon " the deceased " by defendant, either alone or in com-
pany with others, was an unlawful or a lawful act."

*Held*, that it did not assume such assault as a fact proved.

SAME.—*Intoxication and Disposition of Deceased.*—Such defendant could not
complain of an instruction to consider any evidence of the "deceased's in-
toxication, violent and quarrelsome disposition, as justifying defendant in
attempting to disarm deceased, in case " the jury "should find that de-
fendant did not first assault deceased, and provided, also, that " they
"should find that deceased used, or threatened to use, the pistol not in the
necessary and proper defence of his person."

SAME.—*Trial on Second Indictment after Dismissal of First* —The defendant
who has obtained a reversal of a judgment convicting him of murder in
the first degree, upon a proper indictment, may be tried upon a subse-
quent indictment, returned after a *nolle prosequi* has been properly
entered on·the first.   ·

From the Owen Circuit Court.

*W. M. Franklin* and *W. R. Harrison*, for appellant.

*T. W. Woollen*, Attorney General, *S. O. Pickens*, Prose-
cuting Attorney, and *I. H. Fowler*, for the State.

BIDDLE, C. J.—The appellant was indicted for murder
in the first count of the indictment against him, and for
involuntary manslaughter in the second, for killing An-
thony White. He was convicted of manslaughter on the
second count. The jury rendered no verdict upon the first
count. He moved for a new trial, which was denied him;
and judgment was rendered upon the verdict. He appeals
to this court. We see no necessity for stating the record
any more fully; it is sufficient to say that it presents, and

the counsel for appellant have argued, six questions. We will consider them in the order in which they are presented.

1. The first question the counsel discuss is the competency of one of the jurors—Ezra Reader—who was of the panel that tried the appellant. The alleged incompetency of the juror is that he was not a voter of the county at the time of the trial. Affidavits were filed in support of the motion for a new trial, which tend to prove the fact. The affidavits also inform us that the juror, after having been placed in the jury box, was duly sworn to answer questions as to his competency to serve as a juror in the case, and several questions were propounded to him by the counsel in the presence of the appellant; but that no question was asked him as to whether he was a voter in the county or not. We are not convinced that the affidavits prove that the juror was not a voter of the county at the time, but, admitting that he was not, the appellant had full opportunity, by reasonable diligence, to ascertain the fact before the juror was sworn to try the case. The fact, whether a citizen is a voter of the county in which he resides or not, is easily ascertained, and the public law informs everybody that being a voter is one of the necessary qualifications of a juror. It is not a fact hidden in the breast of the juror, or concealed in the mind of any one, and which can not be known until divulged; it is necessary, therefore, that whoever urges the objection that the juror is not a voter, must show that he has used due diligence to ascertain the fact before the trial, or the objection must be held as waived. The authorities are clear upon this point. *Croy* v. *The State*, 32 Ind. 384; *Estep* v. *Waterous*, 45 Ind. 140; *Kingen* v. *The State*, 46 Ind. 132; *Gillooley* v. *The State*, 58 Ind. 182.

2. The appellant objects to the first clause of the following instruction:

"3. The statute provides that, under an indictment for

murder in the first degree, the jury trying the case may (if they find that the evidence so warrants) find the defendant guilty of murder in the second degree, or of manslaughter; and, if there is a reasonable doubt as to which of two or more degrees the defendant is guilty, the jury should give the defendant the benefit of such doubt, and convict of the lowest degree included in such doubt."

We do not see any objection to this instruction; but if it was objectionable, as it is applicable only to the first count of the indictment, upon which the appellant was legally acquitted by the silence of the jury in not rendering a verdict upon it, it could not possibly have injured the appellant. He can not, therefore, complain of the ruling upon it as a ground for a new trial.

3. It is insisted on behalf of the appellant, that the following instruction is erroneous:

"16. It is important that you determine whether the alleged assault, or assault and battery, made upon White by defendant, either alone or in company with others, was an unlawful or a lawful act."

The objection urged against this instruction is, that it assumes that an assault, or an assault and battery, had been committed, and only calls the attention of the jury as to whether it was lawful or unlawful. We do not clearly perceive that the objection exists. We think the words *whether* and *alleged* qualify the entire instruction. At least, it could not fairly be said that the instruction injured, or was likely to injure, the appellant. The plain meaning of it is, that the jury shall determine whether the alleged assault, or assault and battery, was committed or not, and, if committed, whether it was lawful or unlawful.

4. The following instruction is also objected to:

"19. You can consider evidence of the deceased's intoxication, and any evidence of deceased's violent and quarrelsome disposition, as justifying defendant in attempting to

disarm deceased, in case you should find that defendant did not first assault deceased, and provided, also, that you find the deceased used, or threatened to use, the pistol not in the necessary and proper defence of his person."

The appellant objects only to the words: "In case you should find that defendant did not first assault the deceased," because they do not connect the killing with, and while in, the commission of the assault. We do not perceive much force in the objection. It seems to us that the latter part of the instruction connects the facts with, and couples them to, the transaction immediately. We think the instruction is rather favorable to the appellant than otherwise.

5. That the verdict of the jury is not sustained by sufficient evidence, and is contrary to law.

In their argument upon this proposition, the counsel for appellant insist that the evidence does not prove the killing as alleged, and does not prove that the act in which the appellant is alleged to have been engaged, namely, an assault, or an assault and battery, was unlawful.

The evidence is too voluminous and minute to be stated in an opinion; but this is the second time that it has been carefully considered by this court in the case, against the appellant, of *Patterson* v. *The State*, 66 Ind. 185; and the same transaction has been carefully considered in the case of *Adams* v. *The State*, 65 Ind. 565, wherein the essential facts, as proved in the present case, are set out in a condensed statement, to which reference may be had. In neither of these cases have we even doubted the sufficiency of the facts stated to prove the commission of involuntary manslaughter, against the present appellant. There is no judicial ground upon which we can disturb the verdict for want of sufficient evidence to support it; nor can we see wherein it is contrary to law.

6. The evidence shows that the appellant was indicted

on the 2d day of October, 1878, for murder in the first degree. Upon this indictment he was convicted of murder in the second degree, and sentenced to imprisonment for life. From the judgment in this conviction, he appealed to this court, wherein the judgment was reversed, and the cause remanded for a new trial. *Patterson* v. *The State, supra.* On the 18th day of December, 1879, after the cause had been so remanded, the prosecuting attorney entered a *nolle prosequi* to the indictment, and afterwards, on the same day, the grand jury returned into open court the present indictment, which was duly recorded therein, and upon which the present conviction was had.

Upon this state of facts the appellant moved for his discharge upon the ground that " No person shall be put in jeopardy twice for the same offence."

We do not see the force of the argument. It is true, the appellant had been in jeopardy before for the same offence; but he was relieved from that jeopardy by his own act, not by a conviction, nor a failure to convict, nor an acquittal. When the appellant obtained a reversal of the first conviction, and the cause was remanded for a new trial, he stood as if no trial had been had. The statute expressly so enacts. 2 R. S. 1876, p. 408, sec. 141. See, also, *Ex parte Bradley*, 48 Ind. 548, where the question is fully examined and the authorities cited.

The above are all the questions discussed in the case. We find no error in the record.

The judgment is affirmed, at the costs of the appellant.