ALEXANDER H. HICKEY, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

Criminal Law: JURORS. One H. was convicted of manslaughter and sentenced to imprisonment in the penitentiary. On the hearing of the motion for a new trial certain affidavits were filed, tending to show that one of the jurors that tried the case was not a resident of the county. *Held*, That the failure to interrogate the juror in his examination on his *voir dire*, as to his residence, was a waiver of that objection.

ERROR to the district court for Otoe county. Tried below before POUND, J.

*J. L. Mitchell* and *Stevenson & Murfin*, for plaintiff in error.

*C. J. Dilworth, Attorney General, J. C. Watson, District Attorney,* and *Herbert R. Wodehouse,* for the State.

MAXWELL, J.

The plaintiff was convicted of manslaughter, at the December, 1881, term of the district court of Otoe county, and sentenced to imprisonment in the penitentiary for the term of six years. He now prosecutes a writ of error to this court.

The principal error relied upon is, that " one of the jurors, Samuel Morse, to whom and before whom the said cause was tried, was not a competent juror, and was not a qualified voter in said county of Otoe." It appears from the record that Morse was called as a talesman and was examined on his *voir dire.* The following is the record of his examination:

Q. 1: Did you ever hear of the cause?

A. I was out about 17 miles; I heard about the case, and never made any inquiries about it.

Q. 2: Ever form or express an opinion as to the guilt or innocence of the defendant?

A. No, sir.

Q. 3: Where do you reside?

A. About 9 miles off — — in Cass county — — in Otoe county.

Q. 4: You are a resident of this county?

A. Yes, sir.

Q. 5: (By Mitchell.) You have not formed or expressed an opinion as to the guilt or innocence of the accused?

A. No, sir.

Q. 6: (By Mitchell.) You think you could give him a fair and impartial trial?

A. Yes, sir.

A number of affidavits were filed in support of the motion for a new trial, tending to show that the juror in

question was not a resident of that county. The evidence upon that point is pretty evenly balanced, and there is certainly a failure on the part of the plaintiff to establish clearly the fact of non-residence of the juror in question. But suppose the proof showed conclusively that Morse was a non-resident of Otoe county, at the time of the trial, would that fact alone invalidate the verdict?

The precise question here involved was before this court in the case of *Wilcox v. Saunders*, 4 Neb., 581. In that case the defendant, after the trial, filed an affidavit setting forth that since the trial he had discovered that one of the jurors in the case had not been a resident long enough to become an elector. The court say, quoting the language used in the case of *Rockwell v. Elderkin*, 19 Wis., 368: " If the objection had been taken before the trial, by way of challenge, it would have prevailed upon strictly technical grounds, but after the trial it was too late. It is an objection that does not affect the impartiality or intelligence of the juror, and furnishes no presumption against the justice of the verdict."

In the case of *Eastman v. Wight*, 4 Ohio State, 157, after a trial, the party defeated, in support of his motion for a new trial, filed the affidavit of one Fulton, who stated that he was called by the sheriff to fill the panel of the regular jury   that he was not, when the trial was had, nor was he when the affidavit was made, an elector of Ohio·; that for the ( then) last three years or thereabouts, he had been a resident of Indiana, until about six months before the time of making the affidavit, when he removed to Ohio ; and that he was a citizen and elector of Indiana until October, 1853 ; (the affidavit was dated April 18, 1854.) The defendant in that case also filed an affidavit, in which he stated that he did not know that Fulton was an incompetent juror at the time of the trial, etc. The court say (page 161): " It is certainly clear that all jurors must have the qualifications of electors;

and if one not having such qualifications is retained upon the panel without the knowledge of the party or his counsel, and after reasonable diligence used to ascertain that fact, when the jury is impanelled, a new trial should for that cause be granted. But it is equally clear that the proper time to take the objection is at the impanelling of the jury; and it must be taken to have been waived, unless the party is able to show to the court, upon the hearing of the motion, that with the exercise of diligence he could not have taken the exception at the proper time. This is indispensable to prevent constant mistrials, and to protect the rights of the adverse party; otherwise the party taking the exception might lie by and take the chances of a verdict in his favor, and if given adversely be entitled to a new trial as a matter of course." Such in our view is a correct statement of the law. The person called as juror is sworn to answer questions touching his competency as a juror.

The object of the examination is to ascertain whether the person then being examined is a suitable person to sit as a juror in that case. In other words, whether he possesses the necessary qualifications, and is indifferent between the parties. A party cannot neglect to question a juror as to his qualifications and afterwards allege his own neglect as ground for relief. But the attorneys for the plaintiff claim that the rule laid down in *Wilcox v. Saunders,* although applicable to civil actions, does not apply to criminal cases. The reason of the rule certainly is the same in criminal as well as in civil cases.

In the case of *Parks v. The State,* 4 Ohio State, 230, where the accused was found guilty of murder in the first degree, the court say: "The defendant was bound to avail himself of every objection to the jurors, known at the time of impanelling the jury; and he could not be allowed to reserve an objection of this kind (the juror had expressed an opinion that the accused was guilty) to a

juror until after verdict against him, and then make it a ground for a new trial."

In the case of *Beck v. The State*, 20 Ohio St., 228, Beck was found guilty of arson and sentenced to the penitentiary. One Hickey, who had been a member of the grand jury that found the indictment, was called as a talesman and served as a juror upon the trial, but no inquiry seems to have been made of him in regard to that matter. The court say: "The court below was justified in regarding the failure to interrogate the juror, or to make inquiry into the subject matter of this cause for challenge before the jury was sworn, as a waiver of the same." See also *Croy v. State*, 32 Ind., 384. *King v. Sutton*, 8 B. & C., 417. *State v. Quarrel*, 2 Bay, 150. *Kingan v. State*, 46 Ind., 132. *Bradford v. State*, 15 Ind., 347. We have carefully examined the case of *Hill v. The People*, 16 Mich., 351, and while we entertain great respect for that able court, we are unable to give our assent to the conclusion reached in that case. We adhere to the rule laid down in *Wilcox v. Saunders*, and it is equally as applicable in a criminal as in a civil case. When the objection is known before the juror is sworn, a failure to challenge for that cause is a waiver; and the same rule obtains where the objection could have been ascertained by proper inquiry before the juror was sworn.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.