No. 10,470.

## MADEN v. EMMONS.

CRIMINAL LAW.—*Jeopardy.*—*Habeas Corpus.*—A party was put on trial upon a valid indictment, before a jury duly sworn, who heard the evidence and were regularly sent out to deliberate. While out they discovered that one of their number was not a resident of the county, and thereupon, without the knowledge of the court, counsel or defendant, they dispersed, and the court made no effort to re-assemble them.

*Held,* that this was a putting in jeopardy, operated as an acquittal, and entitled the defendant to a discharge.

From the Hendricks Circuit Court.

*L. M. Campbell,* for appellant.

*T. J. Cofer* and *N. M. Taylor,* for appellee.

ELLIOTT, J.—The appellant was indicted for larceny; the indictment is valid; he was duly arraigned and entered a plea of not guilty; a jury was called and sworn, evidence and argument heard and the charge of the court delivered. The jury retired for deliberation and remained in consultation for five hours; at ten o'clock of the night of their retirement they discovered that one of their number was not a resident of the county, whereupon they came into the court-room in the absence of the judge and of the defendant, and also of the attorneys for the prosecution and defence, asked advice of the deputy clerk, and after receiving it dispersed without having agreed upon a verdict.

The appellant petitioned for a writ of *habeas corpus,* and from the judgment denying his petition prosecutes this appeal, claiming that he is entitled to a discharge upon the ground that he has been once in jeopardy; and the question for us to determine is whether his claim is well founded.

It certainly is the general rule that when an accused is put to trial upon a valid indictment, and all the preliminary steps essential to the validity of the trial have been taken, the jeopardy attaches from the moment the trial is begun, and the trial is deemed to commence at the time the jury is empanelled. *Kingen* v. *State,* 46 Ind. 132; *State* v. *Walker,* 26 Ind. 346; *Joy* v. *State,* 14 Ind. 139; *Brinkman* v. *State,* 57 Ind. 76; *Weaver* v. *State, ante,* p. 289.

The fact that one of the jurors was not a resident of the county did not constitute the jury an illegal one. It is settled that a defendant who fails to exercise his right to challenge a juror waives an objection to his competency, and that although the accused is convicted by a jury having some incompetent members the conviction will be valid. *Kingen* v. *State, supra.* A defendant in a criminal prosecution may waive an objection as well as a party in a civil action. *Har-*

-rington v. *State*, 76 Ind. 112; *Mountjoy* v. *State*, 78 Ind. 172. If, therefore, the jury in this case had returned a verdict either of conviction or acquittal, it could not have been impeached upon the ground that some of the jurors were incompetent. This being true, it follows that the appellant was regularly put upon trial before a lawful jury.

If a jury is discharged by the court without the consent of the accused, it operates to release him unless there are reasonable grounds for the action of the court. Even where such grounds do exist, the prisoner must be present when the order discharging the jury is made. *State* v. *Wilson*, 50 Ind. 487 (19 Am. R. 719). If the jury is discharged before the expiration of a reasonable time, it results in the release of the accused. *State* v. *Leunig*, 42 Ind. 541. A jury can not, of their own volition, do that which the court can not authorize them to do. The separation of the jury in this case was wrongful, and must, under the circumstances, be held to entitle the appellant to a discharge.

If the court had called the jury back, or had made some effort to bring them together, we should have had an entirely different question, but no such effort was made. It may be that jurors by wrongfully dispersing without having agreed upon a verdict may be compelled to re-assemble, and the case may, if the accused does not object, be prosecuted to a final verdict, or it may be that the court may give the defendant an opportunity to elect whether he will be tried by that jury or will have another called, and if he either exercises his election or fails to do so, the State may press the prosecution to a verdict before the first jury. *Harrington* v. *State, supra; Morrison* v. *State*, 76 Ind. 335; *Cook* v. *State*, 60 Ala. 39; S. C., 31 Am. R. 31; *Temple* v. *Commonwealth*, 14 Bush (Ky.) 769 (29 Am. R. 442). But these questions are not before us, for there was no effort made to bring the jury together after their separation and no opportunity given the appellant to elect whether he desired the case carried to a conclusion before the first jury or whether he desired another jury called.

It is no doubt true that inevitable necessity may authorize the discharge of a jury, as the illness of a juror or of the presiding judge; indeed, our own cases declare that where there is ground for believing that a jury will not agree the court may, after the expiration of a reasonable length of time, discharge them. It may, perhaps, be proper for the court to discharge a jury, where it appears that one of the jurors is absent. *State* v. *McKee,* 1 Bailey, 651; S. C., 21 Am. Dec. 499. The case before us is, however, different from any of those mentioned; for here the appellant was not allowed to be present when the jury separated, nor did the court do anything towards enabling him to secure a verdict without the vexation of another trial.

Judgment reversed, with instructions to discharge the petitioner.