No. 11,202.

## THE STATE *v.* ADAMS.

CRIMINAL LAW.—*False Pretences.—Sale of Note Obtained By.*—The sale of a note, the signature to which is known by the seller to have been obtained by any false pretences, was a crime under section 2204, R. S. 1881, though the pretences were verbal misrepresentations, and not of a nature which would have made the 'act of obtaining the signature a criminal act.

From the Huntington Circuit Court.

*F. T. Hord*, Attorney General, and *C. W. Watkins*, Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution under section 2204, R. S. 1881, for selling a promissory note in Huntington county in this State, knowing one of the signatures to have been obtained by false pretences.

The indictment charged that " Joseph J. Adams, late, etc., the 12th day of June, 1882, did then unlawfully, feloniously, designedly, and with intent to defraud one Perry Brinnaman, of his goods, chattels, money and property, obtain the signature of the said Perry Brinnaman to a certain written instrument, to wit, a promissory note, payable to the Citizens Bank of Huntington, for $550, which promissory note was in the words and figures, as follows:  * *

" HUNTINGTON, INDIANA, June 12th, 1882.

" Ninety days after date we jointly and severally promise to pay to the order of Citizens Bank, at Citizens Bank, Huntington, Indiana, $550, with interest at the rate of eight per cent. per annum after maturity and attorneys' fees ; value received, without any relief whatever from valuation or appraisement laws.            " JOSEPH J. ADAMS.

                                                his
                              "PERRY  ✕  BRINNAMAN.
                                                mark

By then and there unlawfully, feloniously, knowingly, falsely and designedly pretending and representing to him, the said

Perry Brinnaman, that the said paper, which was a promissory note, was only an indemnifying bond, which he was desirous of giving to the First National Bank of Huntington, Huntington, Indiana, to secure it, the First National Bank of Huntington, whole against costs and attorneys' fees in all it might do in bringing and prosecuting a suit in his name for his, Adams' benefit, against one William A. Goudy and others, in the Huntington Circuit Court, and such bond was for no other purpose, and he, the said Perry Brinnaman, then and there being a person who could not read writing, and said Joseph J. Adams was a neighbor, and for many years had been an intimate friend of him, the said Brinnaman, and a person on whom the said Brinnaman often relied to read and explain papers in writing to him, the said Brinnaman, and then and there believing and relying in the false representation so made, and being deceived thereby, was, by reason of such representation and pretences, induced to sign said note, and upon no other consideration whatever, and that he, the said Adams, did then and there obtain and receive the said Perry Brinnaman's signature as aforesaid, feloniously and designedly, by means of said false representation and pretences, with intent to cheat him, the said Brinnaman, all of which representations and pretences were false, then and there, as he, the said Joseph J. Adams, at the time he so falsely pretended, then and there well knew."

"And the grand jurors, on oath, say that the said Joseph J. Adams, at said county and State aforesaid, on said 12th day of June, 1882, did then and there unlawfully, feloniously, falsely, designedly and knowingly, sell, barter and dispose of such promissory note to the Citizens Bank of Huntington, at Huntington, Indiana, well knowing that the signature of Perry Brinnaman, one of the makers of such note, had been obtained by the false pretences as above set out."

On motion, the circuit court quashed the indictment and discharged the defendant. This appeal consequently only brings before us the question of the sufficiency of the indictment.

The section of the statute upon which this indictment was based reads as follows:

" Whoever, with intent to defraud another, designedly, by color of any false token or writing, obtains the signature of any person to any written instrument, or obtains from any person any money, transfer, bond, bill, receipt, promissory note, draft or check, or thing of value; and whoever sells, barters, or disposes of, or offers to sell, barter, or dispose of, any transfer, bond, bill, receipt, promissory note, draft or check, or anything of value, knowing the signature of the maker, endorser, or guarantor thereof to have been obtained by any false pretence,—shall be imprisoned in the State prison," within certain limits as to time, and fined in any amount between certain named sums.

We have no brief for the appellee, and hence no formal presentation of any objection to the sufficiency of the indictment.

It was held in the case of *Wagoner* v. *State*, 90 Ind. 504, as had been previously intimated in the case of *Shaffer* v. *State*, 82 Ind. 221, that, under the first clause of the section of the statute set out as above, an indictment would not lie for obtaining anything by merely verbal misrepresentations, however falsely and designedly made.

As will be observed, this section defines two separate and distinct offences, and this indictment charges, or at least attempts to charge, a violation of the second, or latter, clause of the section, to which no reference is made in the cases above cited.

So much of this latter clause as has an application to the facts charged in this case may be stated in the following form:

" Whoever sells, barters or disposes of, or offers to sell, barter or dispose of, any * promissory note, * * knowing the signature of the maker * * thereof to have been obtained by any false pretence,". shall be punished as in said section prescribed.

We are of the opinion that in a case like this it is not essential to charge that the false pretences resorted to in ob-

taining the signature to the note were of such a character as of themselves to constitute a crime under the statute ; that it is only necessary to charge that the signature was obtained upon the faith of false representations knowingly made, constituting false pretences within the definitions given by accepted text-writers and long established usage.

The *gravamen* of the offence intended to be charged in this case is the selling of a promissory note, known to the vendor to be tainted with fraud, resulting from the fraudulent manner in which the signature of the maker was obtained. The sale of a note under such circumstances constitutes a fraud upon the purchaser, as well as the maker, of the instrument.

It need not even be charged that the person who sold the note obtained the signature to it by false pretences. If one person obtains the signature to a note by false pretences, and another sells it, knowing that the signature was so obtained, the latter is guilty of a violation of the latter clause of the section of the statute before us, and may be prosecuted and punished for his part in the transaction as a separate and distinct offence.

We have thus considered and passed upon the principal question presented and argued on behalf of the State, and an examination of the indictment has failed to disclose any substantial objection to its sufficiency. Acts 1883, p. 126.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Filed Dec. 15, 1883.