STATE OF IOWA v. C. S. PICKETT, Appellant.

**Challenge to Juror:** COMPETENCY: *Waiver.* Under Code 1873, sec-
tions 4405, 4407, 4408, providing, among other things, that a want

|103  714|
|130  452|

of any of the qualifications prescribed by statute to render a person a competent juror, shall be ground for a challenge for cause, and that a juror challenged, and other witnesses, may be examined, to prove or disprove the challenge, the right to challenge for cause is discretionary, and may be waived; and, where a juror in a criminal case could not read or write the English language, defendant, by failing to examine said juror, will be taken to have waived the objection, notwithstanding that Laws Twenty-sixth General Assembly, chapter 61, section 1, provide, as a qualification for a competent juror, that he must be able to read and write the English language. *State v. Groome*, 10 Iowa, 308, *overruled.*

*Appeal from Jefferson District Court.*—HON. F. W. EICHELBERGER, Judge.

WEDNESDAY, DECEMBER 15, 1897.

AT the February term, 1897, of said court, the defendant was indicted, tried, and convicted of the crime of adultery, and his motion for a new trial overruled, and judgment of imprisonment in the penitentiary for the period of nine months entered against him, from which he appeals.—*Affirmed.*

*A. W. Jaques* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Miller* for the state.

GIVEN, J.—One ground of appellant's motion for a new trial is that one of the jurors who sat on the trial cannot read or write the English language, and that appellant did not know that fact until after the trial. It is shown that one of the jurors, a native of Sweden, who had resided in this country for nineteen years, and become a citizen thereof, and an elector of this state, could not read or write the English language. Such being the fact, appellant contends that the court erred in overruling his motion for a new trial. Section 1, chapter 61, Laws Twenty-sixth General Assembly,

is as follows: "All qualified electors of the state, of good moral character, sound judgment and in full possession of the senses of hearing and seeing, and who can speak, write and read the English language, are competent jurors in their respective counties." See section 332 of the Code. Section 4405 of the Code of 1873 (section 5360, present Code) provides, among other grounds of challenge for cause: "A want of any of the qualifications prescribed by statute to render a person a competent juror." Sections 4407, 4408, Code 1873 (sections 5361, 5362, present Code), provide that the juror challenged, and other witnesses, may be examined, to prove or disprove the challenge. It does not appear that any challenge was made to said juror, or that he, or any other witness, was examined as to his competency. Appellant contends that the fact of the juror's incompetency, and that appellant did not know that fact until after the trial, was a sufficient ground for granting a new trial; and he cites and relies upon *State v. Groome,* 10 Iowa, 308. In that case the defendant moved in arrest of judgment, and for a new trial, for the reason that one of the jurors who tried the case was not an elector of the state; and such was found to be the fact. The court says: "It is claimed by the state that the defendant cannot take advantage of this objection to the juror by a motion for new trial, that he passed his time by not challenging the juror before the trial, for cause. We think it is the duty of the state to place twelve legal jurors in the box, and that it is not the duty of the defendant to inquire whether the jurors are qualified or not. It is presumed that the officer whose duty it is to select the jurors will select those who are competent and legal. The law tenders to defendant a jury for the trial of his cause, and by accepting the jury he waives any objection thereto for bias or prejudice, of any character whatever, in the minds of any of the

jurors; but, if either of the jurors was disqualified to act as such, the defendant does not waive his right to objection for this cause, but has a right to a new trial. If the defendant knew at the time the jury was sworn that any of them were not qualified to act as jurors, he would have waived his right to object thereto. It must appear that defendant had knowledge of this fact before it can be inferred that he waived his objection. Without this knowledge, a waiver cannot be inferred;" citing *Cowles v. Buckman*, 6 Iowa, 162. In the cited case, only eleven jurors were called, and both parties, not observing or knowing that fact, accepted the jury. It was held that the parties were entitled to a full jury, that there was no waiver, and that appellant was entitled to a new trial. In *Faville v. Shehan*, 68 Iowa, 242, this court held that when, in a civil action, in the absence of concealment or fraud on the part of his adversary, a party accepts a juror without examination as to his qualifications, he waives objections on account of want of qualifications discovered afterwards. It is said: "A different rule, applicable to criminal cases, was recognized in *State v. Groome, supra.* We are not disposed to extend the doctrine of that decision in civil cases;" citing a number of cases. In *State v. Kaufman*, 51 Iowa, 578, one of the jurors, becoming ill, was, with consent of the defendant, discharged; and, with defendant's further consent, the trial was concluded before the eleven jurors. It was held that a defendant in a criminal case may waive a statute enacted for his benefit, and therefore could consent to a trial with eleven jurors. It will be observed that in these cases this court has recognized the right of an accused to waive objections to jurors on the ground of incompetency, or to the panel on the ground of number. In *Groome's Case* the defendant was held not to have waived the objection to the juror, because it did not appear that he had knowledge of the

juror's incompetency until after the trial. The contention before us is not as to the right of an accused to waive an objection to an incompetent juror, but whether he should be held to have waived it by not challenging for that cause, and examining the juror, or other witnesses, to sustain the challenge. Counsel for the state concede that, if the doctrine announced in *State v. Groome* is to stand, this case must be reversed. They insist, however,—upon a very full citation and review of the authorities on both sides of the question,—that the rule in *Groome's Case* is so against reason and the current of decisions that it should be overruled. Their citations are so complete that we will not refer to other cases. The following cases do tend quite directly to support the conclusion in *Groome's Case*, namely: *Guykowski v. People,* 1 Scam. (Ill.) 476; *Schumaker v. State,* 5 Wis. 324; *Hill v. People,* 16 Mich. 351; *Rice v. State,* 16 Ind. 298; and *State v. Babcock,* 1 Conn. 401. These cases are modified, if not overruled, in the following later decisions by the same courts: *Chase v. People,* 40 Ill. 352; *Davison v. People,* 90 Ill. 221; *State v. Vogel,* 22 Wis. 471; *People v. Scott,* 56 Mich. 154; *Croy v. State,* 32 Ind. 384; *Kingen v. State,* 46 Ind. 132; *Gillooley v. State,* 58 Ind. 182, and *State v. Tuller,* 34 Conn. 280. The following cases fully sustain the claim that the rule generally observed is that a failure to challenge a juror for cause, as to his competency, and to examine him, or other witnesses, in support of the challenge, is a waiver of the right of challenge, though the fact of incompetency is not known to the party until after trial: *Rex v. Sutton,* 8 Barn. & C. 417; *Rex v. Despard,* 2 Man. & R. 406; *Wharton's Case,* 1 Yel. 24; *State v. Powers,* 10 Or. 145; *U. S. v. Baker,* 3 Ben. 68; *Hickey v. State,* 12 Neb. 490; *Meeks v. State,* 57 Ga. 329; *Costly v. State,* 19 Ga. 614, at page 628; *Gillespie v. State,* 8 Yerg. (Tenn.) 507; *McClure v. State,* 1 Yerg. (Tenn.) 208; *State v. Davis,* 80 N.

C. 412; *State v. Fisher,* 2 Nott. & McC. (S. C.) 261; *State v. Quarrel,* 2 Bay. (S. C.) 150; *George v. State,* 39 Miss. 570, at page 590; *Jones v. People,* 2 Colo. 351; *Beck v. State,* 20 Ohio St. 228; *State v. Hinkle,* 27 Kan. 308; *People v. Coffman,* 24 Cal. 230. These cases are grounded upon the fact that the right to challenge for cause, and to examine the juror, or others, in support thereof, is discretionary, and may be waived, and that, when the party fails to avail himself of this right, he must be taken to have waived all objection on the ground of incompetency. A failure to challenge and examine for cause virtually says: "I am content with that jury, so far as cause is concerned; and, if any juror be incompetent for any reason, I waive my right to challenge for that cause." It is not questioned but that a failure to challenge and examine as to any other of the fifteen grounds of challenge for cause provided in said section 4405 of the Code of 1873 would be a waiver as to said causes. We fail to discover why the same rule should not apply to all those causes, and in all cases, civil and criminal. *Groome's Case,* and those supporting it, are grounded upon the thought that it is the duty of the state to put none but competent jurors in the box, and the accused may presume, in the absence of knowledge to the contrary, that those called are competent. This is certainly at variance with the spirit and purpose of our statute as to the mode of selecting and impaneling juries. The right given to challenge for any of the causes named, and to examine the juror, or other witnesses, in support of the challenge, precludes the conclusion that the law assumes to present none but competent jurors, or that a party has a right to so assume. The right to examine for such cause would be an idle provision, if such were the law. The state makes no guaranty as to the competency of jurors, but says to litigants, "Examine for yourselves." In *Groome's Case* it is held that, by accepting the jury without

inquiring as to bias or prejudice, the defendant waived any objection on those grounds. We think that, by the same reasoning, he should be held to have waived the objection for incompetency. No sufficient reason is given for the distinction that is made in some of the cases, between civil and criminal cases, and between capital and other criminal cases. The same statutes govern as to the selection of jurors for all cases, civil and criminal. True, different provisions are made for impaneling juries, but none that impose upon the state the duty of presenting none but competent jurors. There is no reason why every party to an action, civil or criminal, should not be held to exercise the right given him to examine as to the qualifications of jurors called to act in his case, and, if he waives that right, to be concluded thereby, unless actual prejudice is otherwise shown. See, also, *State v. Belvel,* 89 Iowa, 405. Our conclusion is that the rule announced in *State v. Groome, supra,* on this question, is not sustained by the better reasoning, and is not in harmony with the general current of decisions, and that it should be overruled. This disposes of the only question presented in the partial record before us, and it follows from what we have said that the judgment of the district court should be AFFIRMED.