STATE OF IOWA V. EDWARD BURKE, Appellant.

**Jurors :** NON-RESIDENCE: *Evidence.* Where a juror leaves the state in March, 1897, and returns in September, 1398, and states that he left because of his health, taking his family and some of his household goods, and without any intent to take up a residence elsewhere, but with intent to return, and that he did not vote during his absence, he is competent as a juror after his return.

WAIVER. Where no examination of a juror is had before his acceptance, and it is not shown that an alleged disqualification was not known to defendant at the time, the right to object is waived.

*Appeal from Benton District Court.*—HON. G. W. BURNHAM, Judge.

WEDNESDAY, APRIL 5, 1899.

THE defendant was convicted of the crime of assault with intent to commit a great bodily injury, and from the judgment, which required that he be imprisoned in the county jail for the term of six months, and pay the costs of the prosecution, he appeals.—*Affirmed.*

*Tom H. Milner* for appellant.

*Milton Remley,* Attorney General, and *W. H. Redman* for the State.

ROBINSON, C. J.—There was a trial by jury. After the verdict was returned, the defendant filed a motion for a new trial, one ground of which was the alleged disqualification of one of the jurors to act as juror in the trial of the case. The motion was overruled, and the only question presented for our determination is, should a new trial have have been granted on the ground stated? It appears that the juror referred to in the motion moved from Benton county to the state of Nebraska, in March, 1897, and returned in September, 1898, about two weeks before he acted as juror. He states that he went to Nebraska on account of his health, without any intention of making his permanent residence in that state; that he did not vote in that state, but while living in it claimed that his residence was in this state; that although he took to Nebraska his family, and some of his household goods, a portion of his goods was left in this state, and it was his intention to return to Vinton as soon as the condition of his health should permit him to do so. The evidence does not show that he lost his residence in this state. But, if it should have been found that he did lose it in the manner claimed, that fact would not entitle the defendant to a new trial. It is not shown that any examination of the juror was made before he was accepted, nor that his alleged disqualification was not known to the defendant at that time. Therefore, under the rule announced in *State v. Pickett,* 103 Iowa, 714, the right to object to the juror must be held to have been waived. The judgment of the district court appears to be right, and it is AFFIRMED.